Commonwealth ex rel. Costa *v.* Boley, Appellant.

Argued January 11, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Harry F. Swanger,* for defendant, appellant.

*Roger J. Ecker,* Assistant District Attorney, with him *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 25, 1971:

Appellant contests the granting of an ex parte preliminary injunction without notice or hearing. We vacate the injunction.

On December 16, 1970, the District Attorney of Washington County filed a complaint in equity, seeking an injunction against appellant. The complaint asserted that the District Attorney had been authorized by the Secretary of Health of the Commonwealth to obtain an injunction against appellant, closing down his place of business, The Atlantis, and restraining him from continued violation of The Drug, Device and Cosmetic Act.[1]

The complaint alleged defendant had been indicted in the September Term, 1970, by a grand jury of Washington County, for numerous violations of The Drug, Device and Cosmetic Act on two separate occasions— October 17, 1969, and July 31, 1970. The complaint continued by stating that appellant had not yet been brought to trial for these crimes and was continuing to violate The Drug, Device and Cosmetic Act and other laws of Pennsylvania. Further, the complaint asserted that appellant ". . . has openly, publicly, repeatedly, consistently, persistently and intentionally sold, distributed, consigned and possessed with intent to sell, resell, distribute and consign pictures, posters, figures, designs, drawings, advertisements, emblems, insignia, ensigns, merchandise and other clothing, wearing apparel and publications, at his place of business, The

---

[1] Act of September 26, 1961, P. L. 1664, §1, 35 P.S. §780-1 et seq. It should be noted that the Secretary of Health has never officially been made a party to these proceedings before this Court.

Atlantis, all of which are obscene." Finally, the complaint alleged that The Atlantis constituted a public nuisance.

In light of the above allegations, the District Attorney asked for a preliminary injunction *without a hearing* to restrain appellant and permanently close his place of business.

On the basis of this complaint and an accompanying affidavit, the chancellor granted an ex parte preliminary injunction on December 16, 1970, without notice to appellant, enjoining him from continued violations of The Drug, Device and Cosmetic Act, ". . . and all other laws of the Commonwealth."[2]

On December 22, 1970, a hearing was held, at which time the chancellor denied appellant's motion to dissolve the preliminary injunction. Appellant filed an appeal from the December 16th decree on December 30,

---

[2] The complete decree reads as follows:

"AND NOW, this 16th day of December, 1970, the plaintiff having filed an affidavit that immediate and irreparable harm and damage will result to the Commonwealth of Pennsylvania and the County of Washington before the matter can be heard on motion, upon consideration of the within complaint in equity, it is ORDERED AND DECREED that a preliminary injunction issue and the same shall herewith issue enjoining and restraining the defendant Earl V. Boley from continued violations of The Drug, Device and Cosmetic Act and all other laws of the Commonwealth; it is further ORDERED AND DECREED that a preliminary injunction issue and the same shall herewith issue preliminarily closing the defendant's alleged place of business, The Atlantis, located in the basement of the Washington Trust Building, on the corner of East Beau and South Main Streets, Washington, Washington County, Pennsylvania.

"The Sheriff of Washington County is directed to execute this order forthwith.

"As the Commonwealth of Pennsylvania is the plaintiff in the within proceeding, no injunction bond is required to be filed.

"22 Dec., 1970 at 09:30 A.M. in Courtroom Number 1 is fixed as the time and place of hearing on plaintiff's motion to continue this injunction."

1970, accompanied by a petition for writ of prohibition and a petition for supersedeas. On January 4, 1971, the chancellor entered a decree making permanent the ex parte preliminary injunction issued December 16, 1970.[3]

It is the opinion of this Court that the ex parte preliminary injunction must be vacated (1) because the complaint and affidavit were insufficient to support the issuance of such a decree, especially where First Amendment rights were involved,[4] and (2) because the injunction was void on its face.

Rule 1531(a) of the Pennsylvania Rules of Civil Procedure states that a preliminary injunction issued

[3] Appellee has argued that because appellant's lease was allegedly terminated on January 8, 1971, this appeal is moot. Even if appellant's lease has been terminated, because of the broad nature of the injunction, the case is not moot. See *Apple Storage Co., Inc., v. Consumers Education and Protective Association*, 441 Pa. 309, 272 A. 2d 496 (1971).

[4] Paragraph 9 of the complaint having to do with the alleged obscenity of the publications sold by appellant was quoted at length above. At the hearing on December 22, 1970, the chancellor struck paragraph 9 from the complaint. However, the preliminary injunction was issued on the basis of the original complaint, including paragraph 9. Thus, that injunction, especially with its catch-all directive enjoining appellant from violating ". . . all other laws of the Commonwealth" certainly concerned appellant's First Amendment rights.

Decisions of both this Court and the United States Supreme Court have made it clear beyond question that an ex parte injunction without notice to those enjoined where notice is possible is invalid where First Amendment rights are involved. As the United States Supreme Court said in *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 89 S. Ct. 347 (1968): "There is a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration; but there is no place within the area of basic freedoms guaranteed by the First Amendment for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." Id. at 180, 89 S. Ct. at 351.

ex parte is invalid "unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held." See generally, 2 Goodrich-Amram §1531(a)-5. There is nothing in the record before us to indicate that the giving of such notice was a practical impossibility in this situation.

Also, the complaint does not allege with sufficient specificity the immediate and irreparable harm that here existed, rendering such an extraordinary order necessary. Indictments were issued in September, 1970, for the alleged past criminal conduct of appellant. The record is utterly silent as to what occurred in the interim to require the Commonwealth and the Secretary of Health suddenly to seek an ex parte injunction without notice on December 16, 1970. The complaint baldly asserts that the violations of The Drug, Device and Cosmetic Act were continuing; yet not one shred of evidence is offered to support that assertion regarding appellant's conduct during November and December.

Even if the complaint made out a case demanding the issuance of an ex parte preliminary injunction, we would still vacate the decree now before us, because it is void on its face. The injunction enjoins appellant from violating ". . . all other laws of the Commonwealth." It is well established that equity will not act merely to enjoin the commission of a crime, although the criminal nature of defendant's conduct will not bar equity from assuming jurisdiction if that conduct has interfered with plaintiff's individual property rights. See, e.g., *Pennsylvania Society for the Prevention of Cruelty to Animals v. Bravo Enterprises, Inc.,* 428 Pa. 350, 237 A. 2d 342 (1968).

In the area of drug abuse, the Legislature carved out a special exception to the above principle, and authorized the Secretary of Health to apply to the court of common pleas or the commonwealth court for an in-

junction against continued violations of The Drug, De-
vice and Cosmetic Act. See Act of September 26, 1961,
P. L. 1664, §21, 35 P.S. §780-21. That provision in no
way provides a chancellor with a carte blanche to en-
join someone either temporarily or permanently from
violating "all other laws of the Commonwealth". The
Legislature defines crimes and fixes varying penalties
for criminal conduct, depending on the severity of the
crime and the degree and value of the public interest
to be protected. It is not for courts of equity to sum-
marily superimpose broad injunctions on this criminal
legislation, thereby subjecting defendants to possible
summary contempt proceedings in addition to the pen-
alties fixed by the legislative branch. As we said most
recently in *Apple Storage Co., Inc. v. Consumers Edu-
cation and Protective Association*, 441 Pa. 309, 272 A.
2d 496 (1971), "The entry of an injunction is, in some
respects, analogous to the publication of a penal stat-
ute; it is a notice that certain things must be done or
not done, under a penalty to be fixed by the court. . . .
Such a decree should be as definite, clear and precise
in its terms as possible, so that there may be no reason
or excuse for misunderstanding or disobeying it; and
when practicable it should plainly indicate to the de-
fendant all of the acts which he is restrained from do-
ing, without calling upon him for inferences or conclu-
sions about which persons may well differ." Id. at 315,
272 A. 2d at 499 (quoting *Collings v. Wayne Iron
Works*, 227 Pa. 326, 330, 76 Atl. 24, 25 (1910)).

The decree is also void because it provides for a
hearing more than five days from the date of its issu-
ance without setting forth in the decree the reasons for
the extension of the hearing time beyond the five day
limit mandated by Pa. R. C. P. 1531(d).[5] If an ex

---

[5] In an opinion accompanying its January 4, 1971, order, the
Court set forth its reasons for not holding a hearing prior to De-
cember 22, 1970, the sixth day following the preliminary order.

502·

parte preliminary injunction is to extend beyond the five day limit either because the parties so agree, or because of cause shown, such a reason must appear in the decree.

We conclude by reiterating our condemnation of this sort of proceeding. In *Commonwealth v. Guild Theatre, Inc.*, 432 Pa. 378, 248 A. 2d 45 (1968), we criticized identical ex parte injunction procedure as being "shockingly defective", and "reminiscent of the, Star Chamber proceedings of yore." "Without desiring to impugn the motives of any who participated in. these proceedings, it must be apparent that such practices *must not be allowed to continue.* [Emphasis. added]. Rule 1531(a) of the Pennsylvania Rules of Civil Procedure provides: 'A court shall issue a preliminary injunction *only after written notice and hearing* unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained. before notice can be given or a hearing held . . .'. . . . Here no attempt to give notice was made." Id. at 381,: 248 A. 2d at 47. Accord, *Apple Storage Co., Inc. v. Consumers Education and Protective Association*, supra.

The decree of December 16, 1970, of the Court of Common Pleas of Washington County is vacated. Appellee to pay costs.

Mr. Chief Justice BELL and Mr. Justice EAGEN concur in the result.