George F. Mayer & Sons, Appellant, *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Philadelphia Strike Force, Appellee.

Argued February 4, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Garland D. Cherry,* with him *Kassab, Cherry and Archbold,* for appellant.

*Drew S. Dorfman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 21, 1975:

George F. Mayer and Donald Mayer (appellants) are the operators of a sanitary landfill site in Springfield Township, Delaware County, which they conduct under the business name of George F. Mayer and Sons. On August 27, 1971, the Commonwealth of Pennsylvania (Commonwealth) filed an action in equity, seeking a preliminary injunction against appellants relative to the operation of their sanitary landfill site. The Commonwealth alleged violations by the appellants of Section 9, subsections (1), (2), and (4), of the Pennsylvania Solid Waste Management Act, Act of July 31, 1968, P. L. 788, *as amended,* 35 P.S. §6009(1), (2), (4) (Supp. 1974-75), and of Sections 301 and 307 of The Clean Streams Law,

Act of June 22, 1937, P. L. 1987, *as amended,* 35 P.S. §§691.301, 691.307 (Supp. 1974-75).

After a hearing, the Court of Common Pleas of Delaware County, on September 16, 1971, entered a preliminary injunction and ordered:

"(1) The Defendants [appellants] shall not dump or allow or permit the dumping of any liquid or liquid-type waste anywhere on the premises, nor any chemical waste or chemical containers from industrial plants or facilities;

"(2) The Defendants [appellants] will not permit or allow the dumping of any garbage anywhere on the premises;

"(3) The Defendants [appellants] will immediately comply with the Rules and Regulations of the Pennsylvania Solid Waste Management Act respecting the dumping compaction, fillirg and layering of waste which is dumped at the site;

"(4) The Defendants [appellants] will file monthly, with the Commonwealth of Pennsylvania, a certificate of a responsible exterminator that rat and vector controls are in operation and checked weekly;

"(5) The Defendants [appellants] shall use every reasonable effort to prevent fires from developing or expanding on the premises."

Appellarts took no appeal frcm the lower court's preliminary injunction order. On October 5, 1973, the Commonwealth filed a petition for contempt alleging that the appellants "have continued to operate the solid waste site in violation of the terms and conditions of the [September 16, 1971 preliminary injunction] order." The petition for contempt enumerates 12 specific items of alleged violations.

Following several hearings, the lower court concluded that appellants had committed constant and continuous violations of the rules and regulations promulgated under the Pennsylvania Solid Waste Management Act respect-

ing the dumping, compaction, filling and layering of waste and had failed to obtain a permit to operate a solid waste disposal area and that it was necessary to hold them in contempt and to levy penalties unless they purged themselves of such contempt. On May 24, 1974, the lower court entered an appropriate order finding appellants in contempt, specifying the manner in which the contempt could be purged, and directing the monetary penalties to be paid by appellants in the event that the appellants had failed to purge their contempt by August 1, 1974. This appeal followed and we affrm.

Appellants raise three questions on this appeal, and we will direct our attention to them seriatim.

First, it is asserted that the third paragraph of the lower court's September 16, 1971 order was overbroad and not sufficiently specific to support the contempt citation for violation thereof. Our consideration of this question must be framed by the awareness that appellants did not appeal from the order under challenge here and that in reviewing a contempt order we do not undertake a general review of the wisdom of the order which was violated.

We accept and use as the standard for measuring the necessary specificity of the third paragraph of the preliminary injunction order the following test: "The entry of an injunction is, in some respects, analogous to the publication of a penal statute; it is a notice that certain things must be done or not done, under a penalty to be fixed by the court . . . . Such a decree should be as definite, clear and precise in its terms as possible, so that there may be no reason or excuse for misunderstanding or disobeying it; and when practicable it should plainly indicate to the defendant all of the acts which he is restrained from doing, without calling upon him for inferences or conclusions about which persons may well differ." (Citation omitted.) *Collins v. Wayne Iron Works*, 227 Pa. 326, 330, 76 A. 24, 25 (1910). This test was reaffirmed and

adhered to in *Commonwealth ex rel. Costa v. Boley,* 441 Pa. 495, 272 A. 2d 905 (1971), and *Apple Storage Co., Inc. v. Consumers Education and Protective Association,* 441 Pa. 309, 272 A. 2d 496 (1971).

Applying this standard of specificity to the lower court's third paragraph of its preliminary injunction order convinces us that the paragraph is not invalid and does not lend itself to misunderstanding and is adequate notice to appellants of what activities are enjoined. There is specific reference to the "Rules and Regulations of the Pennsylvania Solid Waste Management Act" respecting certain specific activities; namely, "the dumping, compaction, filling and layering of waste." This is in marked contrast with *Apple Storage Co., Inc. v. Consumers Education and Protective Association, supra,* where the decree only stated that "a preliminary injunction issue," or with *Commonwealth ex rel. Costa v. Boley, supra,* where the injunction enjoined the violation of "all other laws of the Commonwealth."

Next, appellants assert that the Commonwealth may not hold appellants in contempt of the court order for failing to obtain a permit where the Commonwealth failed to grant or deny appellants' application for the required permit. The appellants do not contend that it is not unlawful for them to continue to use their land as a solid waste disposal area without a permit (Section 7(a) of the Pennsylvania Solid Waste Management Act, 35 P.S. §6007(a) (Supp. 1974-75)), nor do they contend that they have a permit. They simply argue that they submitted an application for a permit and the Commonwealth has taken no action on their application.

The record indicates that what appellants did submit was a "preliminary application" and that they never did proffer a complete application. However, even assuming that appellants' application was in proper form, the Commonwealth's failure to act did not afford appellants the

right to operate their dumping area in complete disregard of Section 7(a) of the Pennsylvania Solid Waste Management Act and the third paragraph of the lower court's preliminary injunction order.

Appellants' recourse was either to mandamus the Commonwealth to act upon their application for a permit or petition the lower court for a modification of its preliminary injunction order to reflect their inability to secure the necessary permit because of the Commonwealth's alleged inaction. Until they obtain such a modification, they are required to obey the mandate of the court order. *In re Estate of Downing,* —— Pa. ——, 330 A. 2d 530 (1974).

We find no merit in appellants' decision to operate unlawfully for more than two years without a permit and in defiance of the preliminary injunction order and then contending at a contempt hearing, "It is the Commonwealth's fault that we are in violation of the law."

Finally, appellants assert that the Commonwealth is limited to the statutory remedies and sanctions of the Pennsylvania Solid Waste Management Act when seeking compliance with or enforcement of the preliminary injunction order by contempt proceedings. This assertion neighbors on the contention we rejected in *Department of Environmental Resources v. Leechburg Mining Company,* 9 Pa. Commonwealth Ct. 297, 305 A. 2d 764 (1973). In *Leechburg* we held that a contention which essentially attacks the lower court's equity jurisdiction on the grounds that the Commonwealth has failed to exhaust statutory remedies available to it is without merit. *See Clearview Land Development Co., Inc. v. Commonwealth,* 15 Pa. Commonwealth Ct. 303, 327 A. 2d 202 (1974).

We simply are confronted here with the contention that a court of common pleas sitting in equity cannot enforce its unappealed order by sanctions which exceed those that one of the parties to the litigation has available

under statutory provisions which that party has not evoked. We reject such contention as being absonant.

We have made an independent examination of the record and find more than adequate support for the lower court's determination that appellants were in violation of its preliminary injunction order. The lower court succinctly summarized these violations as follows:

"Specifically it was demonstrated that defendant's [appellants'] contemptuous conduct, aside from not procuring a permit, fell into these categories:

"(a) failed to place a uniform six inch compacted layer of cover material on all exposed solid waste at the end of each working day (§75.113 of the rules and regulations) and have used fly ash as cover material, in violation of §75.82 of the rules and regulations.

"(b) failed to grade the final surfaces of the fill area along Crum Creek to a slope not exceeding 15° (§75.85 of the rules and regulations); in fact the slopes present a 45° to 50° inclination.

"(c) failed to provide any treatment for the leachate generated by the dump, and discharged into the waters of the Commonwealth, specifically Crum Creek (§75.84 (g) of the rules and regulations).

"(d) failed to take steps to prevent dust from causing health or safety hazards (§75.99 of the rules and regulations).

"(e) failed to maintain daily operational records or written logs listing the types and quantities of solid waste received at the dump; and have operated without an operation plan approved by the Department (§75.53 (a), (b), (c) of the rules and regulations).

"(f) failed to provide for adequate disposal of bulky wastes (§75.117 of the rules and regulations).

"(g) failed to place a final layer of cover material, compacted to a uniform depth of two feet and meeting the specifications of §75.82 of the rules and regu-

lations over the entire surface of each final lift area (§75.115 of the rules and regulations).

"(h) failed to employ any surface water control or soil stabilization techniques to prevent erosion of cover material (§75.119 of the rules and regulations).

"(i) failed to spread and compact all solid waste in shallow layers, not exceeding a depth of two feet (§75.11 of the rules and regulations).

"(j) failed to take the necessary measures to prevent open burning of solid waste (§75.98 of the rules and regulations.

"(k) failed to undertake continual and effective vector controls (§75.50 of the rules and regulations).

"(l) failed to comply by accepting hazardous wastes for disposal (§75.116 of the rules and regulations)."

We conclude that the lower court was correct in holding appellants in contempt of the preliminary injunction order of September 16, 1971 and that the sanctions imposed, and conditions provided to enable appellants to purge themselves of the contempt, were reasonable.[1]

Order of May 24, 1974 affirmed.

---

[1] *See East Caln Township v. Carter*, 440 Pa. 607, 269 A. 2d 703 (1970); *Brocker v. Brocker*, 429 Pa. 513, 241 A. 2d 336 (1968).