# Kittanning Brewing Company *v.* American Natural Gas Company, Appellant.

*Equity—Equity practice—Injunction—Preliminary injunction—Continuing injunction without hearing defendant.*

1. It is reversible error to continue a preliminary injunction without hearing defendant's witnesses, if the defendant asks to be heard.  There is nothing in equity rule 81 which will justify such practice.

2. When a preliminary injunction is awarded without notice it is the right of the enjoined to move at once for its dissolution, instead of being compelled to wait for the complainant's motion to continue at the expiration of five days.  Its continuance for even a day may work irreparable wrong to the defendant, whose right to be heard that it be dissolved is no less than the complainant's who procures it without notice on an ex parte hearing.

130 KITTANNING B. CO. *v.* AM. NAT. GAS CO., Appellant.

Argued March 2, 1909.   Appeal, No. 43, Oct. T., 1909, by defendant, from decree of C. P. Armstrong Co., Dec. T., 1908, No. 263, continuing preliminary injunction in case of The Kittanning Brewing Company v. American Natural Gas Company and The Kittanning Consolidated Natural Gas Company.   Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Record remitted.

Motion to continue preliminary injunction.   Before PATTON, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in continuing preliminary injunction without giving defendant an opportunity of being heard.

*Walter Lyon,* of *Lyon, Hunter & Burke,* with him *Heiner & Golden,* for appellant.

*H. A. Heilman,* for appellee.

OPINION BY MR. JUSTICE BROWN, March 15, 1909:

On November 30, 1908, without notice to the appellant, a preliminary injunction was awarded by the court below, restraining it from shutting off a supply of gas to the appellee. Five days afterwards, on December 5, on the hearing of the motion to continue the injunction, the appellee, after offering some documentary evidence, called four witnesses, and, upon announcing its case closed, the appellant offered to produce testimony in answer to that submitted by the appellee, but the offer was refused, on the ground, as it appears from the court's ruling, that at that time the appellant had no right to offer any evidence.   The unchallenged statement in the history of the case is that the practice in the court below is to hear only the plaintiff's case on the question of continuing a preliminary injunction, and the contention of counsel for appellee is that under equity rule No. 81, such practice is correct.

The awarding of a preliminary injunction without notice is somewhat like judgment and execution before trial, for tem-

porarily the defendant is damnatus inauditus. It is to be resorted to only from a pressing necessity to avoid injurious consequences that cannot be repaired under any standard of compensation. It ought never to be granted except in a clear case of an invaded right, to prevent irreparable mischief; and when the proof as to the right is so equally balanced as to leave it in doubt, the writ should be refused until the rights of the parties are ascertained and settled: The Mammoth Vein Consolidated Coal Company's Appeal, 54 Pa. 183; Brown's Appeal, 62 Pa. 17; Minnig's Appeal, 82 Pa. 373.

When a preliminary injunction is awarded without notice it is the right of the enjoined to move at once for its dissolution, instead of being compelled to wait for the complainant's motion to continue at the expiration of five days. Its continuance for even a day may work irreparable wrong to the defendant, whose right to be heard that it be dissolved is no less than the complainant's who procures it without notice on an ex parte hearing. To grant the one a hearing and to deny it to the other would be a mockery of justice. The books teem with cases in which preliminary injunctions awarded on bills and affidavits have been dissolved on affidavits of defendants denying the equities of the plaintiffs. Defendants were always so heard, and their right to be heard now is not impaired by rule 81, though under that rule ex parte affidavits will not be received. The rule provides, "Witnesses may be examined orally before the judge, or testimony may be taken on short rule, or, when necessary, testimony may be taken before any person authorized to administer an oath, on notice to the other side to appear and cross-examine." If only witnesses for the plaintiff are to be heard on a motion to dissolve or continue an injunction awarded without notice, there is no hearing for the defendant, and he may be compelled to submit to wrong for weeks and months, until on final hearing it is made clear that he ought not to have been enjoined and subjected to injuries for which the plaintiff's bond gives no adequate reparation. What seems to be the practice of the court below is at variance with every idea of equity.

The question before us at this time is not whether the pre-

liminary injunction should be dissolved, but whether the court erred in continuing it without hearing the defendant, asking to be heard. After hearing it, the injunction might have been continued; on the other hand, it might have been dissolved and, if so, the defendant's appeal would not be here. The first, second and third assignments are sustained, and the record is remitted with directions to the court to reopen the hearing of the motion to continue the injunction and permit the defendant to offer testimony.