## Pubusky v. D.M.F., Inc., Appellant.

Argued January 8, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Garland D. Cherry,* with him *Kassab, Cherry, Curran and Archbold,* for appellants.

*Francis P. Connors,* with him *Knapp, Levis and Connors,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 15, 1968:

This is an appeal from a decree in equity entered below granting a preliminary injunction until. final hearing.

The complaint alleges that plaintiff is vice-president and a member of the board of directors of the corporate defendant, D.M.F., Inc.; that he and the defendant, Anthony Eufrasio, are the only stockholders of record; that the defendants, Eufrasio and Albert J. Dignazio, purporting to act as the board of directors of D.M.F., Inc., and as its president and secretary, respectively, approved the sale of the corporation's only asset, a valuable piece of real estate, without plaintiff's consent and knowledge. The court was asked to direct the defendants to account for their actions and for the proceeds of the sale.

The complaint was served on the defendants and eight days thereafter, in accordance with an order of the court, a hearing was held to show cause why a preliminary decree should not be entered preserving the status of the parties until final hearing. At this hearing the plaintiff was the first called to testify. It was elicited that before the sale of the corporate real estate occurred plaintiff entered into a written contract to sell his stock in D.M.F., Inc., to Dignazio for $30,000. Plaintiff also admitted receiving $18,000 cash in part payment and two judgment notes securing payment of the balance. From the testimony heard by the chancellor, it appears that the prime issues for decision are whether or not the plaintiff completely divested himself of his stock in the corporation by this agreement and whether or not the contract was subsequently rescinded.

Before the cross-examination of the plaintiff was concluded and before any other witnesses were heard, the chancellor, over objection, abruptly ended the hearing and announced that he was entering a decree en-

joining the defendants from disposing of the money realized from the sale of the corporate real estate and directing that the plaintiff be permitted to inspect the books and records of the corporation. In response to a request by the defendants' counsel for permission to produce testimony for the record in defense of the action, the chancellor stated: "You may place it on the record, but you are not going to get the opportunity to produce it, because we don't have the time. We will place the case on the next equity list regardless of what you say."

We frequently have said that a preliminary injunction should not issue at least until the rights of the plaintiff are clearly established. *Perloff Bros. v. Cardonick,* 406 Pa. 137, 176 A. 2d 413 (1962). It also is fundamental that all of the parties are entitled to a hearing before such an injunction should issue.[1] See *Kittanning Brewing Co. v. American Natural Gas Co.,* 224 Pa. 129, 73 A. 174 (1909); *Varzaly v. Yuhasz,* 128 Pa. Superior Ct. 314, 193 A. 63 (1937); 10 Anderson, Penna. Civil Practice 400 (1954). See also, *Allegheny County v. Milk Control Commission,* 417 Pa. 22, 207 A. 2d 838 (1965), and *Unora v. Glen Alden Coal Co.,* 377 Pa. 7, 104 A. 2d 104 (1954). While the testimony at a hearing for a preliminary injunction which seeks only to preserve the status of the parties until the issue is finally determined need not always be as extensive as that at a final hearing, the litigants should not be deprived of their right to fully cross-examine all adverse witnesses, nor of the opportunity to present testimony which is relevant to the question of whether or not the injunction should issue. These basic rights were overlooked in this case.

Decree vacated. Costs to abide the final result.

---

[1] Except under circumstances which permit an ex parte injunction on affidavits for a limited time.