Rosenzweig *v.* Factor et al., Appellants.

Argued April 19, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harold Greenberg,* with him *Patrick W. Kittredge, Roslyn G. Pollack,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellants.

*Francis X. Nolan,* with him *Eli N. Donsky,* and *Donsky, Katz, Levin & Dashevsky,* for appellee.

OPINION BY MR. JUSTICE POMEROY, October 16, 1974:
This appeal arises out of a dispute between two attorneys who jointly represented a party plaintiff in a trespass action. That action resulted in a sizeable settlement in favor of their client, one third of which was due the attorneys handling the case under a contingency fee arrangement. On April 6, 1973, the appellee, Irwin Rosenzweig, filed a complaint in equity against his former co-counsel, appellant Marvin Factor, alleging

that Factor was withholding appellee's share of the fee payable by the client to both attorneys, contrary to the oral agreement between them. The complaint requested, *inter alia,* a preliminary and permanent injunction requiring that the collected funds remaining in the appellant's possession[1] be paid into court and that an arbitrator be appointed to resolve the dispute between the two parties. On April 17, 1973, the chancellor granted a rule upon appellant, returnable May 8, 1973, to show cause why the preliminary injunction should not issue. No direct response was made to this rule, but in August, 1973, the defendants filed preliminary objections to the complaint, one in the nature of a demurrer and the other alleging an adequate remedy at law. No action has been taken on these objections. On September 12, 1973, a decree, dated as of August 20, 1973, was filed by the chancellor, directing that $27,777.78, plus 6% interest from November 1, 1972, be placed by the appellant in an escrow account from which those funds could not be withdrawn "unless upon Order of this Court". This appeal followed.[2] We must reverse.[3]

---

[1] The complaint alleged that the settlement of the trespass action was in the sum of $125,000, payment of which amount was made to appellant, Factor, by the defendant in that action early in November, 1972; that the appellant forwarded the award to the client after deducting $41,666.67 as attorneys' fees and $1,923.31 as unreimbursed costs; and that, by the terms of the alleged agreement, one-third of the attorneys' fees was to be paid to forwarding counsel in New York, the remainder to be divided equally between the appellee and appellant.

[2] The appeal is properly in this Court by virtue of the Act of February 14, 1866, P. L. 28, §1, 12 P.S. §1101, and the Act of July 31, 1970, P. L. 673, No. 223, art. II, §202(4) and art. V, §501(a), 17 P.S. §§211.202(4) and 211.501(a).

[3] The appellee has filed a motion to quash the appeal, on the ground that the decree from which the appeal has been taken is interlocutory and not final because it merely maintains the status quo pending a final disposition. The motion will be denied. Such a decree is a special injunction, 2 Goodrich-Amram, Civil Practice

The fundamental defect in the proceeding below was that a preliminary injunction issued without notice and without a hearing, although the record is devoid of any showing that immediate and irreparable injury would be sustained if such injunctive action were not taken. The only facts before the court were those alleged in the complaint. The pleading set forth in detail the back-

144-45, §1531(a)-1 (1954), and although interlocutory, is undoubtedly appealable. 12 P.S. §1101. See, e.g., *Pubusky v. D.M.F.*, 428 Pa. 461, 463, 239 A.2d 335 (1968) (decree staying the distribution of proceeds of real estate sale, with further hearing pending) ; *Slott v. Plastic Fabricators, Inc.*, 402 Pa. 433, 435, 167 A.2d 306 (1961) (decree restraining dissolution of corporation—minority stockholder's action) ; *Pennsylvania Turnpike Commission v. Evans*, 392 Pa. 110, 117, 139 A.2d 530 (1958) (decree freezing corporation's bank account and assets pending outcome of Commission's action for fraud in the performance of a contract) ; *Grosso v. Englert*, 381 Pa. 351, 356, 113 A.2d 250 (1955) (decree restraining defendants from withdrawing funds from two bank accounts pending determination of plaintiff's claim of title to those funds).

We note that under Pa. R. C. P. 1531(d), any preliminary or special injunction granted without notice to the defendant is deemed dissolved unless a hearing on the continuance of the injunction is held within 5 days after it is granted (or within such other time as the parties may agree or the court upon cause shown may direct). This appeal was taken 14 days after the entry of the decree, and no such hearing was held. It may be that the injunction dissolved automatically at the expiration of the 5-day period. See *National Baptist Convention, U.S.A. Inc. v. Taylor*, 402 Pa. 501, 503, 166 A.2d 521 (1961). While it would certainly be desirable for an aggrieved party to move for dissolution by the lower court, as suggested in *Kittanning Brewing Co. v. American Natural Gas Co.*, 224 Pa. 129, 73 A. 174 (1909), since such action might obviate the necessity of appeal, we do not consider that it is a prerequisite for an appeal, in view of the provisions of the Act of February 14, 1866, P. L. 28, §1, 12 P.S. §1101, allowing an appeal "[i]n all cases in equity in which a special injunction has been or shall be granted". See *Apple Storage Co., Inc. v. Consumers E. & P. Ass'n.*, 441 Pa. 309, 317 n.2, 272 A.2d 496 (concurring opinion). The right of appeal in such cases has not been altered by the Appellate Court Jurisdiction Act of 1970. Act of July 31, 1970, P. L. 673, No. 223, as amended.

ground of the dispute, and asserted that appellee was, by contract, entitled to funds in the possession of appellant. There was no claim that the funds were about to be dissipated or that appellee's other assets would be insufficient to satisfy the claim. The complaint had been filed five months before the preliminary injunction was ordered; it would be specious to argue—and the appellee does not argue—that a hearing on the prayer for preliminary relief could not have been held within this period. The decree was thus in violation of the requirements of Rule 1531 of the Pennsylvania Rules of Civil Procedure, and of our decisions, of which the rule is declaratory. *Commonwealth ex rel. Costa v. Boley,* 441 Pa. 495, 500, 272 A.2d 905 (1971); *Pubusky v. D.M.F.,* 428 Pa. 461, 463, 239 A.2d 335 (1968); *Apple Storage Co., Inc. v. Consumers E. & P. Ass'n.,* 441 Pa. 309, 316-317, 272 A.2d 496 (1971) (concurring opinion of this writer).

The decree was also defective and subject to being vacated for the further reason that it issued without the requisite bond being filed by appellee pursuant to Pa. R. C. P. 1531(b). *Mamula v. United Steelworkers,* 409 Pa. 175, 178, 185 A.2d 595 (1962).

Because of the procedural irregularities in the issuance of this injunction, we need not decide the appropriateness of the relief granted, or whether, indeed, this is a proper case for equitable relief of any sort. Absent a hearing on the matter in the court below, or disposition of the preliminary objections, it would be premature for us to do so.

The motion to quash is denied; the decree is vacated, and the case remanded for further proceedings. Costs to abide the event.