Port Authority of Allegheny County *v.* Division 85, Amalgamated Transit Union et al. Division of the Amalgamated Transit Unit, AFL-CIO et al. *v.* Port Authority of Allegheny County. Port Authority of Allegheny County, Appellant.

Argued May 9, 1979, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Blatt, DiSalle, Craig and MacPhail. Judges Wilkinson, Jr. and Rogers did not participate.

*John F. Dugan,* with him *Alan A. Garfinkel, Vasilis C. Katsafanas,* and *Berkman, Ruslander, Pohl, Lieber & Engel,* for appellant.

*Joseph Pass, Jr.,* with him *Jubelirer, Pass & Intrieri, P.C.,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, September 6, 1979:

This is an appeal as of right from an interlocutory order of the lower court[1] granting a preliminary injunction in consolidated equity proceedings below which granted, in part, relief sought by the Port Authority of Allegheny County (PAT) in its cause against Division 85, Amalgamated Transit Union et al. (Division 85) and granted the relief sought by Division 85 in its cause against PAT.

The labor dispute which was the genesis of the causes each party asserted against the other in the court below arose out of a management directed passenger route deviation asserted by PAT to be within management perogative but which Division 85 asserted to have been violative of the collective bargaining contract (contract). Both parties, however, acknowledge that the dispute is within the grievance and arbitration procedures of the contract and will be re-

---

[1] Pursuant to Pa. R.A.P. 311 and the Act of February 14, 1866, P.L. 28, 12 P.S. §1101, prospectively repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [453] and subject to the two year delayed effective date provision found at section 4(b), 42 P.S. §20004(b).

solved by this procedure. Nonetheless, Division 85, engaged in a nine-day strike violative of the contract over an acknowledged arbitrable issue. This strike inspired PAT to seek its termination by injunctive relief which action in turn inspired Divison 85 to seek a "status quo" injunction against PAT pending resolution of the underlying dispute through arbitration.

After hearing on the consolidated proceedings initiated by each party against the other, the lower court in a single order granted PAT's request for injunctive relief against the illegal strike,[2] and also enjoined PAT from making any changes in the passenger route in controversy[3] pending resolution through grievance and arbitration procedure. PAT has appealed the order as directed against it. The order also directed that "[b]ond is set in the amount of $1,000.00." Neither party ever posted the required bond, and both parties acknowledge that the passenger route deviation change initiated by management and asserted by the union to have been violative of the contract has since been resolved by agreement obviating the need for its resolution by arbitration under the contract.

After the instant appeal was taken Division 85 moved to quash or dismiss the appeal for the reasons. that (1) subsequent events have mooted it and (2) as no bonds were filed by either party to the consolidated proceedings below, the preliminary injunction in favor of Division 85 has never been legally effective. PAT, nevertheless, would have us decide the merits of the appeal, even though technically moot, because it is one of recurring nature, capable of repeatedly avoiding review and involving an issue of important public in-

---

[2] No appeal has been taken by Division 85 from this portion of the order.

[3] Status quo ante-March 15, 1978, which date precedes the management order of passenger route deviation.

terest. To emphasize that we should apply the exception and decide the substantive issue on appeal, PAT, by affidavit and in its brief, represents that Division 85 in the past and even recently has employed the "status quo" injunctive relief concept in other labor disputes with PAT as to matters which are acknowledged to be subject to the grievance and arbitration procedure under the contract. Insisting that in this case and in other instances the lower court has erred as a matter of law in issuing such "status quo" injunction, we are asked to pass upon the substantive issue so raised by this appeal.

In an appeal involving these same parties we have heretofore applied the exception to the rule that a mooted issue will not be decided. *Port Authority v. Division 85, Amalgamated Transit Union,* 34 Pa. Commonwealth Ct. 71, 383 A.2d 954 (1978). We were particularly persuaded to do so in that appeal because the labor dispute involved conflicting views of the proper interpretation of the controlling statute[4] directed to the collective bargaining process.

In this appeal, however, we are not so persuaded as our review of the uncontested facts surrounding PAT's initial management directive for a passenger route deviation and subsequent developments leading to the illegal strike and cross-actions in the court below producing, in effect, cross-injunctions, is factually unusual, if not unique, and does not afford a solid foundation upon which to decide the merits of the lower court's "status quo" injunction in a mooted case.

If further reason is needed to grant appellee's motion we would note that the failure of Division 85 to post the required bond with respect to that portion of

---

[4] Second Class County Port Authority Act, Act of April 6, 1956. P.L. (1955) 1414, *as amended,* 55 P.S. §551 et seq.

the lower court order affording it preliminary injunctive relief produces the legal effect of such injunctive relief never having become operative. Pa. R.C.P. No. 1531(b). *Rosenzweig v. Factor,* 457 Pa. 492, 327 A.2d 36 (1974).[5]

If, as PAT has submitted, the lower court has issued another "status quo" injunction in favor of Division 85 in another labor dispute in a matter subject to the grievance and arbitration procedure under the contract,[6] we shall, of course, consider the advisability of deciding the substantive merits of such action even though it may be technically moot before resolution.

For the foregoing reasons we shall dismiss this appeal.

ORDER

Now, September 6, 1979, the above appeal is hereby dismissed. Each party to bear their own costs.

---

[5] That the bond requirement portion of the lower court order was directed to Division 85 as to the preliminary injunctive relief it was afforded cannot be successfully challenged. Pa. R.C.P. No. 1531(b) plainly requires it. Whether the bond requirement was directed to PAT is arguable in light of the provisions of this rule.

[6] PAT states that such an injunction is the subject of an appeal to this Court at No. 974 C.D. 1979.