Greulich, Inc. and Acme Fabricators and Welders, Inc., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation and Bureau of Materials, Testing and Research, Respondents.

Argued December 4, 1979, before Judges CRUMLISH, JR., MENCER, DISALLE, CRAIG and MACPHAIL. President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT did not participate.

James C. Larrimer, Dougherty, Larrimer & Lee, for petitioners.

Mark F. Brancato, with him Stuart M. Bliwas, Assistant Attorneys General, Robert W. Cunliffe, Deputy Attorney General and Edward G. Biester, Jr., Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 25, 1980:

Presently before us are the Department of Transportation's (department) preliminary objections, in the nature of a demurrer and motion to strike, to a suit filed in our original jurisdiction by petitioners Greulich, Inc. (Greulich) and Acme Fabricators and Welders, Inc. (Acme) seeking injunctive and declaratory relief against the department. The department has also filed a motion to dismiss because of mootness.[1] In addition, petitioners have filed a motion for summary relief pursuant to Pa. R.A.P. 1532(b) which has been ordered consolidated for argument and disposition with the department's preliminary objections.

We take the facts as alleged in the petition for review. The present controversy arose out of a contract entered into by Acme and the department in March of 1979. Under the terms of the agreement, Acme was to replace, on a state bridge, an existing wooden deck

---

[1] The Department alleges that petitioners have completed the contract which is the source of the present suit and that no further contracts between the parties are extant.

with an open steel beam bridge deck. Acme then contracted with Greulich for the manufacture of the steel decking. Using, in part, steel bars from West Virginia, Greulich constructed the decking according to specifications, at its manufacturing plant in Harmar Township, Allegheny County. After the completion of the steel decking, the department notified Greulich that it was rejecting the deck because Greulich had incorporated steel bars from West Virginia in the decking's construction in violation of the following contract provision between Acme and the department:

*Administrative Code Section 523, 71 P.S. 203*

The bidder (contractor) is prohibited from supplying to the Commonwealth or using on or in the project any supplies, equipment or materials manufactured in the States of Alaska, Arkansas, Hawaii, Montana, New Mexico, Wyoming, *West Virginia,* Commonwealth of Puerto Rico, or Texas. (Emphasis added.)

As indicated, this provision was derived from Section 523 of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* added by Section 3 of the Act of June 1, 1931, P.L. 350, 71 P.S. §203, which reads as follows:

It shall be unlawful for any administrative department, board, or commission to specify for or permit to be used in or on any public building or other work erected, constructed, or repaired at the expense of the Commonwealth, or to purchase, any supplies, equipment, or materials manufactured in any state which prohibits the specification for or use in or on its public buildings or other works or the purchase of supplies, equipment, or materials not manufactured in such state.

To avoid the imposition of contract penalties for the potential untimely performance of the contract

because of the department's alleged unlawful rejection of the bridge decking, petitioners seek a declaratory judgment that Section 523 of the Code, as reflected in the contract, is unenforceable and otherwise not applicable to Greulich. Petitioners also seek to enjoin the department from imposing penalties for any delay caused by the rejection of the decking and a mandatory injunction perpetually restraining the department from enforcing Section 523 against any manufacturer of products within the Commonwealth.

There is apparently no dispute as to the additional facts presented in the department's suggestion of mootness, to the effect that the construction on the state bridge has been completed, including the replacement of the bridge decking; that the department has inspected and accepted the work as completed on November 8, 1979; and that all materials ultimately used by petitioners were furnished in compliance with Section 523 of the Code. Counsel at argument have advised us that Greulich replaced the rejected bridge decking with substitute bridge decking made of steel bars from within the Commonwealth.

We note also that there is no averment that the Commonwealth has imposed or threatened to impose any penalties upon petitioners, or either of them, with respect to the work initially rejected; and, moreover, there is no claim before us for work or expense involved in obtaining and installing the substitute bridge decking.

Although the constitutional, contractual and statutory interpretation questions discussed in the able briefs of both sides are interesting, we are compelled to deny the motion for summary judgment and dismiss the case for mootness. The administrative rejection of the original bridge decking is moot because petitioners have actually substituted bridge decking which the department has accepted, and no case or controversy

otherwise exists because the department has not even threatened to impose the penalties which petitioners seek prematurely to enjoin.

Moreover, with no averment that petitioners currently have any other contract with the Commonwealth or that petitioners intend to contract with the Commonwealth in the future, dismissal for mootness is indicated under the principles which, as a general rule, discourage advisory opinions. *Port Authority of Allegheny County v. Division 85,* 45 Pa. Commonwealth Ct. 464, 405 A.2d 1022 (1979).

Because of the course we must adopt, no disposition of the preliminary objections is necessary.

ORDER

AND Now, this 25th day of April, 1980, petitioners' motion for summary relief is denied and petition for review is dismissed, as moot.

President Judge BOWMAN did not participate in the decision in this case.

Judge DISALLE did not participate in the decision in this case.