447 A.2d 998

**James SANDERS,**

v.

**Ernest SEAY, Appellant.**

Superior Court of Pennsylvania.

Argued April 7, 1981.

Filed July 2, 1982.

Mark S. Harris, Philadelphia, for appellant.

James Dunworth, Phoenixville, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellee-plaintiff brought suit in equity, seeking an order: enjoining appellant-defendant from wasting assets; directing appellant to transfer to appellee one-half (½) of the stock in a corporation; directing appellant to preserve the assets of the corporation; and directing such other relief as may be appropriate. The dispute arose from an alleged breach of a written partnership agreement concerning the purchase and operation of a tap room located in Philadelphia.

The trial court after making findings of fact, concluded that the business conducted by appellant, in the corporate name, was the property of the partnership. The chancellor found that appellant held title to the assets of the corporation as a trustee of the partnership. The court ordered appellant to account for any benefits or profits derived from the corporation. After the dismissal of appellant's exceptions, the decree nisi directing appellant to file an accounting was entered as the final decree. This appeal followed.

An order directing an accounting is interlocutory in nature. Rule 311, Pennsylvania Rules of Appellate Procedure provides for certain interlocutory appeals as of right; orders directing an accounting are not included. The commentary following the rule and directed to paragraph (a)(7) of the rule provides for an appeal from such order to be taken pursuant to Rule 312, Pa.R.A.P. Rule 312 allows for appeals from interlocutory orders by permission, pursuant to Chapter 13, Pa.R.A.P. Appellant has not petitioned for permission to take such appeal as required by Rule 1311(a), (b), Pa.R.A.P. Therefore we must quash the appeal.

Appeal quashed without prejudice to the parties to file an appeal from any subsequent appealable order. We do not retain jurisdiction.