460 A.2d 1174

Marvin J. LEVIN

v.

Marvin I. BARISH, Avram G. Adler, Arnold Levin, and Howard J. Creskoff, individually and as partners t/a Adler, Barish, Levin and Creskoff, Appellants.

Robert C. DANIELS

v.

Marvin I. BARISH, Avram G. Adler, Arnold Levin, Marvin J. Levin and Howard J. Creskoff.

Appeal of Robert C. DANIELS, Marvin I. Barish, Avram G. Adler, Arnold Levin and Howard J. Creskoff.

Superior Court of Pennsylvania.

Argued Dec. 13, 1982.

Filed May 20, 1983.

Petition for Allowance of Appeal Granted Nov. 16, 1983.

Patrick W. Kittredge, Philadelphia, for appellants.

Tom P. Monteverde and C. Burt, III, Philadelphia, for appellees.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

Litigation ensuing from the dissolution of a law firm partnership has given rise to an order, entered September 22, 1982, requiring appellants to escrow a percentage of the receipts collected by the partnership on cases in which appellee, a former partner, claims an interest. The order also requires appellants to "certify" to appellee as to any and all funds received from said cases within thirty days from issuance of the order.

Appellants contend on this appeal that the aforesaid order is in the nature of a preliminary injunction and, having been entered without a hearing or bond as required by Pa.R.C.P. 1531(a), (b), should be vacated. Because the bond requirement of Rule 1531(b) has not been satisfied, we must vacate that portion of the lower court order granting preliminary injunctive relief. However, we affirm the September 22 order insofar as it grants equitable relief in the nature of an accounting.

Before addressing the legal issues raised in this appeal, it is necessary to review the facts and circumstances giving rise to the order in controversy. On June 20, 1980, Attorney Robert C. Daniels filed a complaint in equity in the Philadelphia Court of Common Pleas claiming, *inter alia,* that he was wrongfully excluded from his proportionate share of the assets of his former lawfirm, Adler, Barish,

Daniels, Levin and Creskoff (Firm No. 1). Mr. Daniels requested the appointment of a single judge to preside over the matter and render all the decisions in the action. By order of the President Judge, dated June 20, 1980, the action was assigned to the Honorable Edwin S. Malmed.

On November 12, 1981, Attorney Marvin J. Levin, appellee, filed a complaint in equity claiming that he was wrongfully excluded from his proportionate share of the assets of Firm No. 1 and from his share of the resulting firm, Adler, Barish, Levin and Creskoff (Firm No. 2), which he had left some time after Mr. Daniels had departed from Firm No. 1. The complaint prayed for injunctive relief and the appointment of a receiver. The Levin action was consolidated with the Daniels action.

On February 22, 1982, Judge Malmed issued an order appointing a receiver to collect all funds accruing to or for the account of the lawfirm and its predecessor firms. On April 16, 1982, the parties to the Daniels action, with the exception of appellee, settled their dispute. Judge Malmed approved the settlement on May 25, 1982, in an order which embodied the April 16 agreement, and rescinded the earlier order appointing a receiver. The May 25 order stated: "Nothing in any of the described agreements or in this order shall in any way affect such claims or obligations as may be held or due from Marvin J. Levin and all proceedings are without prejudice to such rights as he may have."

On August 23, 1982, appellee's counsel wrote a letter to Judge Malmed requesting that, because no progress had been made toward settling the dispute between the former partners, a hearing be scheduled and thereafter an order entered escrowing funds on appellee's behalf. By notice to all counsel dated August 30, 1982, Judge Malmed scheduled an all day hearing for September 13, 1982 to take place in his chambers beginning at 10:00 a.m. All parties were represented at an off-the-record conference held on Septem-

ber 13, 1982.[1]  On September 15, 1982, counsel for appellant Avram G. Adler wrote Judge Malmed a letter requesting that certain changes be made in the form of an order submitted by appellee's counsel.  The letter also stated that "it should in no way be interpreted as an agreement to entry of the Order, which as indicated at the meeting in your Honor's chambers, the Defendants vigorously oppose."

On September 22, 1982, Judge Malmed entered the order which is the subject of this appeal.  The order directed appellants, other than Mr. Daniels, to escrow ten percent, and Mr. Daniels to escrow five percent, of all funds received on files or matters formerly handled by the firm and its predecessor but currently retained by the appellants.  These percentages were lower than the percentage interest claimed by appellee in his complaint.  The order also stated that no disbursement be made from the escrow accounts except upon agreement of the parties or by further order of court.

Appellants filed a motion in the lower court to dissolve this preliminary injunction as entered without hearing or bond, or in the alternative, to stay its enforcement pending appeal.  This motion was denied.  On October 6, 1982, appellants filed a notice of appeal to this Court.  Appellants also filed a motion in this Court for a stay pending appeal.  By a Per Curiam Order dated October 19, 1982, we granted the motion for stay on the condition that appellants post security in the amount of $300,000.00.[2]

The September 22, 1982 order by Judge Malmed requires that appellants perform certain positive acts including the establishment of a "Marvin J. Levin Escrow Account" into which appellants are required to pay over

1.  Appellee claims that a second conference was held on September 17, 1982.  However, this allegation is not corroborated by appellants or evidenced in the record.

2.  Appellants have been unsuccessful in obtaining a bond in this amount because of an inability to obtain credit.  Brief for Appellant at p. 11, note 6.

certain monies. The court was without power to issue such an order where the party applying for it had not filed an appropriate bond. *Mamula v. United Steel Workers of America*, 409 Pa. 175, 178, 185 A.2d 595, 597 (1962). *See also Rosenzweig v. Factor*, 457 Pa. 492, 494, 327 A.2d 36, 38 (1974). Appellee argues, and the lower court agreed, that by not requesting a bond during the conferences and by submitting a form of order which contained no provision for the posting of a bond, appellants waived the bond requirement. Although this argument is appealing, we cannot ignore the requirement of Pa.R.C.P. 1531(b). The Supreme Court has declared that the equity rules which it has promulgated have the force of a statute and must be strictly complied with. *Mamula, supra.* Although we do not hold that a party may not expressly waive the bond requirement of Rule 1531(b), such waiver cannot be implied from the failure to request that a bond be posted. In *Mamula*, where a bond was not required to be posted until after an injunction had issued, the Court stated:

> In a series of recent cases we have invalidated injunction decrees which were not accompanied by the proper filing of bond. *Rose Uniforms v. Lovel, Pa.* [408 Pa. 421], 184 A.2d 261 (1962); *Surco Products, Inc. v. Kieszek*, 367 Pa. 516, 80 A.2d 842 (1951). We hope that these cases emphasize both to the bench and bar the necessity of filing a bond contemporaneously with the issuance of an injunction. Hence we must vacate the order of the court below for lack of jurisdiction.

*Id.* 409 Pa. at 178, 185 A.2d at 597. *See also, Rosenzweig v. Factor, supra; Port Authority of Allegheny County v. Division 85*, 45 Pa.Cmwlth. 464, 467, 405 A.2d 1022, 1024 (1979).

Since no bond has been required or posted in this case, we must vacate the order of the court below insofar as it requires appellants to pay monies into a special escrow account. Because of our disposition of the injunction issue, we need not decide if an off the record conference qualifies as a hearing for the purposes of Rule 1531(a) when all

parties were duly notified and represented by counsel, and where appellants do not contend that they were denied the opportunity to introduce evidence or present testimony.[3]

Appellee argues that the portion of the order directing appellants to certify to appellee within thirty days certain monies received is in the nature of an accounting and, therefore, is interlocutory and non-appealable under the Pennsylvania Rules of Appellate Procedure and this Court's decision in *Sanders v. Seay*, 301 Pa.Super. 342, 447 A.2d 998 (1982). It appears that in the September 15 letter of appellant Adler's counsel to Judge Malmed, it was requested that the words "account to" be changed so that the order could not be argued to imply that payments be made. The order finally entered substituted the word "certify" for "account" in paragraphs 6 and 7. We agree that the "certify to" language of the order directs that an accounting take place. We also agree that an appeal from an order directing an accounting must normally be quashed when no petition has been filed in the lower court for permission to take such an appeal as required by Pa.R.A.P. 1311(a), (b). However, the order appealed from in this case goes beyond simply directing an accounting, granting relief in the form of a reviewable preliminary injunction. Under this circumstance, where we have been required to review the record and the briefs fully, it is in the interest of judicial economy

3. It appears that all parties agreed that the hearing should be held off-the-record. In *Pubusky v. D.M.F., Inc.*, 428 Pa. 461, 239 A.2d 335 (1968), our Supreme Court stated:

> While the testimony at a hearing for a preliminary injunction which seeks only to preserve the status of the parties until the issue is finally determined need not always be as extensive as that at a final hearing, the litigants should not be deprived of their right to fully cross-examine all adverse witnesses, nor of the opportunity to present testimony which is relevant to the question of whether or not the injunction should issue.

*Id.*, 428 Pa. at 463, 239 A.2d at 337.

We note that although a Court of Common Pleas is a court of record, our opinion today does not decide the propriety of such off-the-record proceedings.

that we rule on the propriety of that portion of the order directing an accounting.[4]

The order provides:

6. Within thirty days from the date of this order, defendants and Robert C. Daniels will certify to Marvin J. Levin as to any and all funds received from and after March 31, 1981, on files of Firm No. 1 by them individually, by Firm No. 2, by Firm No. 3, by Firm No. 4 (Adler, Barish, Levin and Creskoff after March 30, 1981), by Morris M. Shuster (the conservator appointed by the court), and by Howard Creskoff as escrow agent.

7. Within thirty days from the date of this Order, defendants, Howard J. Creskoff as Escrow Agent, Morris M. Shuster as Conservator, Robert C. Daniels, and Firm No. 4 will certify to Marvin J. Levin as to any and all fees, overhead and return of costs which were received by any of these parties or firms after March 31, 1981, on files formerly handled by Firms Nos. 2 and 3.

■ The court below found that no progress had been made as to Mr. Levin's interests since no compelling motive was present for the other principals to achieve a settlement with Mr. Levin. Lower Court Opinion at p. 3. The court characterized its order as preserving the status quo in a reasonable manner awaiting final adjudication. "There is no hard and fast rule applicable alike to all partnership dissolutions; rather, 'a wide discretion is necessarily vested in a court of equity.'" (Citations omitted) *Hankin v. Hankin*, 279 Pa.Super. 179, 213, 420 A.2d 1090, 1108 (1980). Pa.R.C.P. 1530, entitled "Special Relief. Accounting," does not require that a bond be posted. Although the lower court's order cannot stand in its entirety because no bond was posted, we find that the portion of the lower court's

---

4. Our review of the entire order in question does not circumvent the rule that interlocutory orders are appealable only if made so by statute. *See Reynolds Metals Company v. Berger*, 423 Pa. 360, 223 A.2d 855 (1966); *Opperman v. Opperman*, 297 Pa.Super. 89, 443 A.2d 313 (1982). Rather, as the order in question provides relief in the form of an injunction, it is reviewable under Pa.R.A.P. 311(a)(4). *See also*, 42 Pa.C.S.A. § 1722; *Rosenzweig v. Factor, supra* 457 Pa. at 493, 327 A.2d at 37.

order directing an accounting was properly warranted by the circumstances of this case.

For the above stated reasons, we affirm the order of the court below insofar as it directs appellants to account to appellee for certain funds, and we vacate the order insofar as it requires appellants to deposit specific funds into a special escrow account.