J-S28041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| FULTON FINANCIAL CORPORATION, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN E. FRICK, | : | |
| | : | |
| Appellant | : | No. 2026 MDA 2018 |

Appeal from the Order Dated November 26, 2018
in the Court of Common Pleas of Lancaster County
Civil Division at No(s): 18-08910

BEFORE:   BOWES, J., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:   **FILED: JULY 24, 2019**

John E. Frick appeals from the order dated November 26, 2018, which denied Frick's motion to dissolve a preliminary injunction.[1]  Upon review, we remand with instructions.

We set forth the factual and procedural history of this case as follows. Frick began employment with Fulton Financial Corporation (Fulton) as a financial advisor on March 2, 2009.  His position was eliminated on June 5, 2018.  At the time of his leaving, the parties negotiated a separation agreement (Separation Agreement).  During the course of that negotiation, Frick formed and began to work for New Era Wealth Management as an investment manager.  Fulton and Frick signed the Separation Agreement on

---

[1] An order refusing to dissolve a preliminary injunction is an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(4).

*Retired Senior Judge assigned to the Superior Court.

July 31, 2018, which became effective on August 7, 2018. The Separation Agreement provided certain benefits to Frick, including severance pay, in exchange for Frick, *inter alia*, not contacting certain customers of Fulton or interfering with Fulton's business.

"[I]n late August 2018, Fulton learned that Frick had been directly contacting customers of Fulton … in an effort to solicit and encourage those customers to do business with him and/or New Era Wealth rather than Fulton." Complaint, 10/16/2018, at ¶ 30.  On October 16, 2018, Fulton filed a complaint against Frick for breach of contract and misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa.C.S. §§ 5301-5308.  Contemporaneous with the filing of its complaint, Fulton also filed a motion for preliminary injunction seeking enforcement of the post-employment restrictions set forth in the Separation Agreement.

> Specifically, Fulton sought an injunction prohibiting Frick from: (1) calling upon and/or soliciting customers and/or prospective customers of Fulton not identified in Exhibit "B" to the [Separation] Agreement with whom he had material contact and/or about whom he received confidential information while employed by Fulton; (2) interfering in any way with the relationship between Fulton and any customer or prospective customer of Fulton; (3) requesting or encouraging any customer or prospective customer of Fulton to not purchase products or services from Fulton or to curtail or cease business with Fulton; and (4) using and/or disclosing any of Fulton's trade secrets and/or confidential business information, including, without limitation, any information regarding Fulton's existing or prospective customers.

Trial Court Opinion, 1/22/2019, at 2.

When Frick received actual notice of Fulton's motion for preliminary injunction is the subject of some dispute. Fulton's motion for preliminary injunction was sent to Frick via United Parcel Service (UPS) and was delivered to his home on Thursday, October 18, 2018. Frick averred he was away from home with his family from Thursday, October 18 to Sunday, October 21. Frick averred that he "opened the envelope on the morning of [Monday,] October 22," when he learned for the first time that there "was a hearing at the Lancaster County Courthouse at 8:45 a.m." Affidavit of Frick, 11/7/2018. According to Frick, he went to the courthouse that morning, where he learned that the hearing had already occurred.

It is not at all clear from the record what actually happened on Monday, October 22. There is no transcript in the certified record, although the trial court states that "Fulton's motion for preliminary injunction was presented to [the court] on Monday, October 22, 2018." Trial Court Opinion, 1/22/2019, at 2. The trial court further explained that "the requested relief was granted on the basis of the averments in the complaint, the motion, and the affidavit of Michael George, President of Brokerage Services for Fulton." *Id*. The trial court entered the preliminary injunction in favor of Fulton on Tuesday, October 23, 2018. Order, 10/23/2018. That order provided, *inter alia*, that Frick "is enjoined and restrained for a period of one [] year from calling upon and/or soliciting business from [certain] customers," that Fulton

- 3 -

could seek attorney's fees and costs, and that Fulton was to post a $2,500 bond. *Id*.

Counsel for Frick entered an appearance on October 30, 2018. On November 8, 2018, Frick filed a motion to dissolve the preliminary injunction, arguing essentially that Frick did not have adequate notice of the October 22 proceedings. Fulton filed a response to this motion on November 20, 2018. Concluding that Frick had adequate notice of the October 22 proceedings, the trial court denied Frick's motion to dissolve the preliminary injunction. Frick timely filed a notice of appeal from that order. Both Frick and the trial court complied with Pa.R.A.P. 1925.

On appeal, Frick argues, *inter alia*, that the trial court erred by (1) refusing to dissolve the preliminary injunction because Frick did not have adequate notice of its presentation, (2) by entering an order when there was no finding that Fulton would sustain immediate and irreparable injury, and (3) by failing to schedule a subsequent hearing. Frick's Brief at 17-27.

The rules governing the issuance of a preliminary injunction are clear.

(a) A court shall issue a preliminary or special injunction only after **written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held**, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

- 4 -

Pa.R.C.P. 1531(a) (emphasis added). As this Court has stated,

> a court will ordinarily issue a preliminary injunction only after written notice and hearing. A preliminary injunction may be granted without notice and a hearing only when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury. In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified. If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved.

**WPNT Inc. v. Secret Commc'n Inc.**, 661 A.2d 409, 410-11 (Pa Super. 1995) (citations omitted).

In considering this rule as it applies to this case, we will assume *arguendo* that Frick was indeed provided adequate written notice of the hearing.[2] However, it is evident that no hearing occurred. As the trial court pointed out, it relied upon "the averments of the complaint, the motion, and the affidavit of Michael George, President of Brokerage Services for Fulton, as permitted by [Pa.R.C.P.] 1531(a)." Trial Court Opinion, 1/22/2019, at 2.

---

[2] As discussed *supra*, there is no transcript from the proceedings that occurred on October 22, 2018. Thus, this Court has no record of what, if any, efforts were made by either Fulton or the trial court to get in touch with Frick prior to conducting whatever proceedings may have occurred.

Moreover, we point out that if Frick did not have notice, the injunction issued by the trial court on October 22, 2018, would have expired on its own terms five days later. **See** Pa.R.C.P 1531(d) ("An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.").

> This court has acknowledged that there is no absolute right to a hearing on a preliminary injunction. Nevertheless, our rules and our case law clearly indicate that a hearing is the preferred procedure. It is the rare preliminary injunction that can correctly be denied without a hearing and **no preliminary injunction can be granted and continued without a hearing**, whether before or after the initial grant.
>
> In [**Pubusky v. D.M.F. Inc.**, 239 A.2d 335 (Pa. 1968),] the trial court initiated a hearing on the requested preliminary injunction. Interrupting defendant's cross-examination of plaintiff and preventing defendant from presenting any evidence or testimony on his own behalf, the lower court discontinued the hearing and granted plaintiff a preliminary injunction. [Our] Supreme Court vacated the decree and remanded the case for an evidentiary hearing after concluding that "[i]t is … fundamental that all of the parties are entitled to a hearing before [a preliminary] injunction should issue." **Id**. [] at 336–37. The [C]ourt in **Pubusky** further noted that even when circumstances support the issuance of an *ex parte* injunction, a hearing is not excused, but merely delayed for a limited time. **Id**. at [] 337 n.1. **See also Ogontz Controls Co. v. Pirkle**, [] 477 A.2d 876, 879 ([Pa. Super.] 1984), *appeal after remand*, [] 499 A.2d 593 ([Pa. Super.] 1985) (although the trial court conducted a hearing within five days of issuing an *ex parte* injunction, it erred by continuing the preliminary injunction without allowing the objecting party to present evidence at the abbreviated hearing).

**WPNT Inc.**, 661 A.2d at 411 (some citations omitted; emphasis added).

Furthermore, in order for the injunction to issue with written notice, but without a hearing, the trial court had to determine "that immediate and irreparable injury will be sustained before … a hearing [can be] held." Pa.R.C.P. 1531(a). No such finding appears in the order entered on October 23, 2018, or in the trial court opinion filed on January 22, 2019. **See Rosenzweig v. Factor**, 327 A.2d 36, 38 (Pa. 1974) ("The fundamental defect in the proceeding below was that a preliminary injunction issued

without notice and without a hearing, although the record is devoid of any showing that immediate and irreparable injury would be sustained if such action were not taken.").

Based on the foregoing, without evidence of the occurrence of a hearing or a finding by the trial court that immediate and irreparable injury would have been sustained before a hearing could have been held, we conclude the trial court fundamentally erred in granting the preliminary injunction. Accordingly, we remand this case to the trial court to conduct a hearing in conformance with Pa.R.C.P. 1531.

Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 7/24/2019