L. Joan Veneziale, Walter Holzworth, Rosemarie Curran, and Michael J. Laputka, Appellants v. Charles Raudenbush, Jr. and Harry Zambelli, Appellees.

Submitted on briefs, April 5, 1979, to Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*James M. McMaster,* for appellant.

*Daniel J. Lawler,* for appellees.

OPINION BY JUDGE MACPHAIL, June 6, 1979:

On May 12, 1978, Appellants L. Joan Veneziale, Walter Holzworth, Rosemarie Curran, and Michael J. Laputka were enjoined by the Court of Common Pleas of Bucks County from denying to Charles Raudenbush, Jr. and Harry Zambelli, the duly elected township supervisors of Lower Southampton Township, access to the township building and the records, books and files of the township. While Appellants have raised seven issues for our determination, we need address only one.

Pa. R.C.P. No. 1531 authorizes the issuance of a preliminary injunction only after written notice and *hearing* unless immediate and irreparable harm is shown in which event a *hearing* must be held within five days of the issuance of the injunction. In the instant case the court issued the preliminary injunction after written notice and hearing. However, Appellants claim that they were denied their due process rights at the hearing because they were not permitted to cross-examine witnesses nor were they permitted to

present testimony. Our reading of the record discloses that indeed the Chancellor did interrupt and prohibit cross-examination by the Appellants and did not permit Appellants to offer testimony on their own behalf.

In his opinion in support of the preliminary injunction the Chancellor characterized the Appellants' contention that they were denied their due process rights as "utterly without merit." We disagree. Whether or not Appellants' position was "illegal, unjust and unconscionable," as the Chancellor found, the Appellants were nevertheless entitled to a fair hearing which encompasses at the very least the right to cross-examine witnesses and present testimony. In *Pubusky v. D.M.F., Inc.*, 428 Pa. 461, 463, 239 A.2d 335, 337 (1968), under nearly identical facts, Justice (now Chief Justice) EAGEN wrote:

> While the testimony at a hearing for a preliminary injunction which seeks only to preserve the status of the parties until the issue is finally determined need not always be as extensive as that at a final hearing, the litigants should not be deprived of their right to fully cross-examine all adverse witnesses, nor of the opportunity to present testimony which is relevant to the question of whether or not the injunction should issue.

Accordingly, the decree granting the preliminary injunction in the instant case must be vacated.

## ORDER

AND Now, this 6th day of June, 1979, the decree entered May 12, 1978 by the Court of Common Pleas of Bucks County granting the preliminary injunction requested by Charles Raudenbush, Jr. and Harry Zambelli is vacated and the case remanded to the Court of Common Pleas of Bucks County for further proceedings.