477 A.2d 876

**OGONTZ CONTROLS COMPANY, a corporation**

v.

**Frederick L. PIRKLE, individually and trading as Controls Consulting Company, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1984.

Filed June 8, 1984.

Thomas B. Kenworthy, Philadelphia, for appellant.

Fred T. Cadmus, III, West Chester, for appellee.

Before SPAETH, President Judge, and BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court improperly issued a preliminary injunction without granting him a hearing as required by Pa.R.Civ.P. 1531(d). Because we find procedural defects in the proceedings below, we vacate the lower court order continuing the preliminary injunction.

On September 19, 1983, appellee, Ogontz Controls Company, filed a complaint in equity against appellant, Frederick L. Pirkle, alleging that Pirkle, a former Ogontz employee, had violated his employment contract by unfairly using confidential information and trade secrets to compete with Ogontz. On the same day, upon appellee's motion, and without a hearing or notice to appellant, the lower court entered an *ex parte* preliminary injunction against appellant, subject to a $5,000 surety bond.[1] The court also set a

1. The preliminary injunction order entered September 19, 1983 provided:

> AND NOW, this 19th day of September, 1983, upon consideration of the plaintiff's verified motion for Preliminary Injunction, and plaintiff's verified Complaint in Equity, it appearing to the Court that immediate irreparable harm will be sustained by plaintiff before a hearing can be held on plaintiff's motion for Preliminary Injunction in that before such hearing can be held, defendant will have continued his conduct in violating the employment contract between the parties using confidential information to the great harm and injury of plaintiff and causing it great loss and damage in its business and otherwise, it is.

> ORDERED that, upon plaintiff posting a security bond with the Prothonotary in the amount of $5,000 the defendant, Frederick L. Pirkle, individually and trading as Controls Consulting Company their agents, servants, and employees, and all persons acting with them, we and they are hereby enjoined and prohibited from directly or indirectly using, exploiting, or any way profiting from the plain-

date for a hearing on the continuance of the injunction for September 23, 1983. The hearing was held on September 23, 27, and 28, during which time appellee presented the testimony of several witnesses. On the afternoon of September 28, during appellant's cross-examination of appellee's president, the lower court, noting that it was almost quarter to 5:00, called for an off-the-record conference in chambers. (N.T. September 28, 1983 at 161). On September 29, the court heard oral argument by counsel and, upon appellant's request, agreed to hear his offer of proof as to the testimony he proposed to produce on the preliminary injunction. On September 30, appellant presented his offer of proof and also moved for a supersedeas and to increase the bond to $1,000,000. The court denied the motions and stated: "I'm going to enter an order on Monday continuing the preliminary injunction and fix bond in the amount of $20,000, and I will prepare that order and have it filed by yesterday. You are certainly free to appeal." (N.T. September 30, 1983 at 16). The lower court then expressed its intention to set a final hearing date and ascertained from counsel how much time each party would need to conclude their cases.[2] The order continuing the preliminary injunc-

tiff's snap-acting drain valve or other products or trade secrets as well as confidential business information or from reproducing or making any of the same, soliciting orders or sales for plaintiff's aforesaid products and engaging in unfair competition with plaintiff.

ORDERED that pursuant to Pa.R.C.P. 1531(d) a hearing pertaining to the continuance of this Preliminary Injunction will be held on September 23, 1983, at 9:30 a.m. in Courtroom 4, Courthouse, West Chester, Pennsylvania; and

FURTHER, a Rule is hereby entered upon the defendants to show cause at the above date and time, why this Preliminary Injunction should not be continued.

2. Although the court on September 30, 1983, stated only that it was "going to set a hearing date", we conclude that it meant a *final* hearing date because the court, at that point, had already decided to enter an order continuing the preliminary injunction. Moreover, in its opinion, the lower court states: "Following the last such hearing [on September 28, 1983], we continued the injunction until a final hearing." (Lower Court Opinion at 1). Appellee apparently confuses the term "final hearing" to mean a final hearing on the preliminary injunction. (Brief for Appellee at 5). Such a belief is clearly errone-

tion until the final hearing was dated September 29, 1983.[3] This appeal followed.

Appellant alleges specifically that there was no "hearing" held as required by Pa.R.Civ.P. 1531(d) because he was not given the opportunity to present evidence on his own behalf. Generally, the court can issue a preliminary injunction only after written notice and hearing; however, an exception is made when "immediate and irreparable injury" will result before notice can be given or a hearing held. Pa.R.Civ.P. 1531(a). Rule 1531(d) provides that:

> An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five (5) days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

Pa.R.Civ.P. 1531(d).[4] The question of what constitutes an adequate hearing for a preliminary injunction was addressed by our Supreme Court in *Pubusky v. D.M.F., Inc.*, 428 Pa. 461, 239 A.2d 335 (1968), which concluded that:

> While the testimony at a hearing for a preliminary injunction which seeks only to preserve the status of the parties until the issue is finally determined need not always be as extensive as that at a final hearing, the litigants should not be deprived of their right to fully cross-examine all adverse witnesses, nor of the opportunity to present

ous because the order continuing the preliminary injunction was entered September 29, 1983, prior to the court ever setting a date for the final hearing on the parties' rights. *See also Pubusky v. D.M.F., Inc.*, 428 Pa. 461, 463, 239 A.2d 335, 336 (1968) (distinction made between preliminary hearing and final hearing).

3. The lower court decree entered September 29, 1983, provided: "AND NOW, this 29th day of September, 1983, after oral argument from counsel for the parties in open Court, it is ORDERED AND DIRECTED that the Preliminary Injunction entered September 19, 1983, in the above matter is hereby continued until further Order of this Court."

4. Alternatively, if the injunction has been issued without notice, the defendant can waive a hearing on the continuance of the injunction and proceed directly to a final hearing. Pa.R.Civ.P. 1531(d) note.

testimony which is relevant to the question of whether or not the injunction should issue.

*Id.*, 428 Pa. at 463, 239 A.2d at 337. In *Pubusky,* eight days after the complaint was served on the defendants, a hearing was held on the plaintiff's preliminary injunction motion. At the hearing, the plaintiff testified and was cross-examined. Then, before any other witness was called, the Chancellor, over objection, abruptly ended the hearing and entered the preliminary injunction decree. Upon the defendants' request for permission to produce testimony for the record in defense of the action, the Chancellor responded: "You may place it on the record, but you are not going to get the opportunity to produce it, because we don't have the time. We will place the case on the next equity list regardless of what you say." *Id.*, 428 Pa. at 463, 239 A.2d at 336. Under these circumstances, the Supreme Court found a denial of the parties' "basic rights" to cross-examine witnesses and present relevant testimony and, accordingly, vacated the preliminary injunction decree. Similarly, in *Veneziale v. Raudenbush,* 43 Pa.Commonwealth Ct. 263, 402 A.2d 295 (1979), during the preliminary injunction hearing, the appellants were not permitted to cross-examine witnesses or present testimony on their own behalf. In his opinion, the chancellor characterized the appellants' contention that they were denied due process rights at the hearing as "utterly without merit". The Commonwealth Court disagreed and vacated the preliminary injunction decree, stating: "Whether or not Appellants' position was 'illegal, unjust and unconscionable,' as the Chancellor found, the Appellants were nevertheless entitled to a fair hearing which encompasses at the very least the right to cross-examine witnesses and present testimony." *Id.*, 43 Pa.Commonwealth Ct. at 265, 402 A.2d at 296, *citing Pubusky v. D.M.F., Inc., supra.* However, in *Safeguard Mutual Insurance Company v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975), the Court found the preliminary hearing sufficient under the *Pubusky* criteria because both parties were given "wide latitude" and "ample opportunity to fully develop

their respective positions." *Id.*, 463 Pa. at 573, 345 A.2d at 668. The appellant in that case filed preliminary objections to the complaint and introduced an opposing affidavit and several exhibits. Upon appellant's motion, the notes of testimony of a prior proceeding before the Commonwealth Court, denying a third party's request for injunctive relief against appellant, were offered and considered by the Chancellor. Additionally, the record revealed that the appellant made no request to offer any additional testimony prior to the Chancellor's ruling although the opportunity was clearly available, and that the Chancellor ended the hearing only after it became apparent that the arguments were becoming repetitive and counsel was becoming emotionally involved. Lastly, in *Boyd v. Cooper,* 269 Pa.Superior Ct. 594, 410 A.2d 860 (1979), after listening to counsel's arguments, the Chancellor dismissed the application for a preliminary injunction on the ground that the appellants had an adequate remedy at law. The Chancellor noted the absence of any fact issues and found that there was no necessity for taking testimony. On appeal, this Court found that the Chancellor erred in refusing to accord the appellants an evidentiary hearing on their injunction request, stating that the purpose of such a hearing was to develop a "factual basis for the requested relief." *Id.*, 269 Pa.Superior Ct. at 597, 410 A.2d at 862. *See also Rosenzweig v. Factor,* 457 Pa. 492, 327 A.2d 36 (1974) (preliminary injunction issued without notice or hearing was fatally defective as being in violation of Pa.R.Civ.P. 1531).

In view of these cases, we find that the instant hearing, although commenced within five days pursuant to Rule 1531(d), fell far short of the judicial requirements outlined in *Pubusky v. D.M.F., Inc., supra,* and confirmed in *Veneziale v. Raudenbush, supra.* Those decisions clearly mandate that the hearing on the preliminary injunction motion must be one at which *both* parties are given the opportunity to fully cross-examine witnesses and present relevant testimony. Here, however, the lower court entered a decree continuing the preliminary injunction after a hearing at

which only appellee's evidence was introduced. Appellant was never permitted to present testimony on his own behalf prior to the court's ruling on the preliminary injunction continuance. Thus, the instant case is distinguishable from *Safeguard Mutual Insurance Company v. Williams, supra* in which the appellant was given ample opportunity to present evidence prior to the Chancellor's ruling. This case is more factually similar to *Pubusky* and *Veneziale* in that appellant was prevented from presenting evidence on his own behalf at the preliminary hearing. The only real difference is that the hearing in *Pubusky* and *Veneziale* preceded the preliminary injunction while the instant hearing was held after the injunction order was entered in accordance with Pa.R.Civ.P. 1531. In either situation, however, we believe that allowing a preliminary injunction to stand after a hearing which gave only one party an opportunity to present evidence is error.

Although the record indicates that the lower court planned to allow appellant to present his case at the final hearing, *see* N.T. September 30, 1983 at 16–17, we find such a procedure defective under the *Pubusky* requirement that both parties be given the opportunity to present relevant testimony at the preliminary injunction hearing. The lower court apparently intended to combine the preliminary injunction proceedings with the final proceeding, thereby ignoring the distinction between the two. *See Pubusky v. D.M.F., Inc., supra.* Such an action defeats the purpose of the preliminary injunction, which is to preserve the status of the parties *until* the final hearing. *Valley Forge Historical Society v. Washington Memorial Chapel*, 493 Pa. 491, 426 A.2d 1123 (1981).

Accordingly, because we hold that appellant was denied his right to a fair hearing pursuant to Rule 1531(d), we must vacate the order of the court below continuing the preliminary injunction and remand for proceedings consistent with this opinion.

Vacated and remanded. Jurisdiction is relinquished.