## Nationwide Insurance v. Banks

*Robert L. Banks,* for plaintiff.
*Paul S. Porell,* for defendant.

WOLLET, *J.*, June 3, 1985—Plaintiff's subrogor, Candace Stine, and defendant were involved in an automobile accident. As a result of the accident, plaintiff's subrogor sustained damages to her vehicle in the amount of $1,024.87. Plaintiff paid the amount of $924.87 for the damages resulting from the accident.

Some time after she was paid by plaintiff, plaintiff's subrogor brought suit against defendant in this action in magistrate court to obtain the $100 deductible. She prevailed in the suit after a trial before Magistrate McGee, at which both parties to the suit appeared. Neither party appealed the judgment of the magistrate.

After paying its subrogor, and subsequent to the judgment of the magistrate, plaintiff brought suit against defendant seeking to recover the amount it paid to its subrogor. Defendant has filed a motion for judgment on the pleadings asserting that the present suit may not be maintained because of the civil judgment in the prior decision.

"The doctrine of res judicata has been judicially created. It reflects the refusal of the law to tolerate a multiplicity of litigation. It holds that 'an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 46 Am. Jur. 2d, Judgments § 394 at 558-559 (footnotes omitted). 'The original cause is 'barred' by a judgment for the defendant, and 'merged' in one for the plaintiff. [The doctrine] forbid[s] relitigation of matters actually decided, on the ground that there is no assurance the second decision will be more correct than the first. Moreover, a party is commonly forbid-

den to raise issues that could have been litigated in the first suit but were not, because of the desirability of settling the entire controversy in a single proceeding.' . . . For the doctrine of res judicata to prevail there must be a concurrence of four conditions: (1) identity of issues, (2) identity of causes of action, (3) identity of persons and parties to the action, and (4) identity of the quality or capacity of the parties suing or sued. Safeguard Mutual Insurance Co. v. Williams, 463 Pa. 567, 574, 345 A.2d 664, 668 (1975). 'The doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties *or their privies* on the same cause of action.' Stevenson v. Silverman, supra, 417 Pa. at 190, 208 A.2d at 788 (Citations omitted, emphasis in original)." Day v. Volkswagenwerk Aktiengesellschaft, 318 Pa. Super. 225, 464 A.2d 1313, 1316-17 (1983). The court holds that the present action merges into the prior judgment in favor of plaintiff.

As subrogee, an insurance carrier possesses no greater rights than its insured. Ins. Co. of N. Am. v. Carnahan, 446 Pa. 48, 284 A.2d 728 (1971). In this case it is clear that the insured could not maintain a second action in the court of common pleas for damages against defendant. Plainly, the principles of res judicata apply to prevent the insurance company from maintaining such a suit.

Plaintiff argues that there is no identity of the parties in the two lawsuits. This is just not correct. It has long been the law in the Commonwealth that an insurance company is in privity with its insured. Dally v. Pa. Thresh. & F. Mut. Cas. Ins. Co., 374 Pa. 476, 97 A.2d 795 (1953). Clearly there is an identity of parties in both cases.

Further, the two parties who brought suit in the two actions are suing in the same capacity. As we previously noted, the insurance company has no greater rights than its subrogor. The right which an insurance company has to bring suit in the name of its subrogor is merely procedural; no substantive right accrue to the insurance company. The Supreme Court has implicitly held that an insurance company and its subrogor hold the same capacity. See Spinelli v. Maxwell, 430 Pa. 478, 243 A.2d 425 (1968).

Finally, it is clear that there is an identity of the issues and the cause of action. Both law suits were brought to recover damages to an automobile which were incurred in a single automobile accident.

Having determined that the four identities concur in the two actions, and that this action has merged into the prior judgment, the court will grant the motion for judgment on the pleadings.

## ORDER

And now, this June 3, 1985, it is ordered and directed that defendant's motion for judgment on the pleadings is granted, and, judgment is entered in favor of Robert L. Banks and against Nationwide Insurance Company as subrogee of Candace Stine.