496 A.2d 835

**Harry Kent DAVIS**

**v.**

**Kenneth E. RAISLEY and Helen Raisley, His Wife, and Kenneth L. Raisley and Julie Raisley, His Wife, Appellants.**

Superior Court of Pennsylvania.

Argued April 10, 1985.

Filed Aug. 2, 1985.

Robert F. Hawk, Assistant District Attorney, Butler, for appellants.

Nancy J. Blewett, Butler, for appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

In this dispute between adjoining landowners, appeal is taken from an order granting a permanent injunction and providing for imprisonment in the event of failure to comply. Appellants herein are Kenneth E. and Helen Raisley, husband and wife, and Kenneth L. and Julie Raisley, husband and wife. Appellants were named as defendants in a petition for temporary restraining order and preliminary injunction filed by appellee, Harry Kent Davis. The court granted this petition without a hearing and issued a rule to show cause why the injunction should not be made permanent. Ultimately, the court made the injunction permanent, prompting this appeal. Finding the arguments raised by appellants to be sound, we reverse.

In his petition for a preliminary injunction, Davis asserted that access to his real property was being impeded by appellants who, on May 28, 1984, had installed railroad ties across Davis' driveway. He averred that he would suffer immediate and irreparable harm in that he had no access to his living quarters and that deliveries could not be made to his business, also located on this property.

At the hearing on the rule to show cause to determine if the injunction should be made permanent, no evidence was introduced. Instead, counsel for appellee brought to the court's attention another case in equity, decided on December 21, 1983, pertaining to the same property. In that case, appellants Kenneth E. and Helen J. Raisley sued appellee Harry Davis, averring excess water run-off from appellee's property. The court found no merit in that action and dismissed the case. In the instant case, counsel for appellee argued that the prior proceedings were res judicata to the present action since the prior proceedings pertained to the same property and involved some of the same parties. The court agreed with appellee's argument despite appellants' objections that the prior proceedings did not make a determination of the issue of property lines. Nonetheless, the court made its injunction permanent.

■ Appellants contend that the hearing court erred in ruling that the previous action in equity was res judicata to the instant case. For the doctrine of res judicata to apply, four conditions must be met: (1) identity in the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued. *In re Estate of Hillegass,* 322 Pa.Super. 139, 469 A.2d 221 (1983); *Kreider v. Kleinfelter,* 314 Pa.Super. 571, 461 A.2d 304 (1983). Of the res judicata doctrine, the supreme court has said:

> The conclusive effect of a judicial decision cannot be extended by argument or implication to matters not actually heard and determined nor to collateral questions which arise but do not become part of the case ... [A] former judgment is not conclusive of anything which was not directly decided by it or was not material to the decision. Before such effect can be given to it in another suit, it should appear either from the record, or aliunde, that it must have rested on the precise question which it sought again to agitate.

*Haefele v. Davis,* 399 Pa. 504, 508, 160 A.2d 711, 713 (1960) (citations omitted).

■ In the instant case, we hold that the res judicata doctrine is not applicable. We have compared the issues addressed in the opinion and order of the prior proceedings with those issues now before the court and we find no identity between the causes of action in these cases. The prior ruling was limited to the question of whether appellee directed surface water from his property over to that of Kenneth E. and Helen Raisley. The instant case is very different, for it avers that on May 28, 1984, or five months after the decision in the prior proceedings, appellants impeded appellee's access to his property with railroad ties. This right of access issue was not resolved in the prior decision. Therefore, we find that the court erred in applying the res judicata doctrine to the present case.

362

■ Additionally, we note our agreement with appellants' further contention that the hearing court erred in issuing a permanent injunction without a hearing. Pa.R.C.P. 1531(d) requires:

> (d) An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five (5) days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

In the present case, the court did not hold a hearing because of the court's conclusion that res judicata applied. In view of our ruling that res judicata does not apply, we are remanding this case for a hearing on the merits. *Ogontz Controls Company v. Pirkle,* 329 Pa.Super. 8, 477 A.2d 876 (1984).

Order reversed and case remanded for further proceedings. This court does not retain jurisdiction.