The court will enter an order in accordance with this opinion.

**In re Kevin M. and Piper L. BELMONTE.**

**Kevin M. and Piper L. Belmonte, Appellants,**

v.

**Mildred Belmonte, Appellee.**

**Bankruptcy No. 99–18111SR.
No. CIV. A. 99–CV–6495.**

United States District Court,
E.D. Pennsylvania.

Jan. 19, 2001.

---

David R. Black, Media, PA, for debtor.

Kevin M. Belmonte, Frazer, PA, pro se.

Piper L. Belmonte, Frazer, PA, pro se.

Timothy J. Trott, West Chester, PA, for Appellees.

Mildred Belmonte, Conway, SC, pro se.

Frederick L. Reigle, Reading, PA, pro se.

Frederic Baker, Philadelphia, PA, pro se.

## MEMORANDUM & ORDER

KAUFFMAN, District Judge.

This bankruptcy appeal arises from the Chapter 13 proceeding of Debtors Kevin M. Belmonte and Piper L. Belmonte ("Debtors"). On November 17, 1999, the Bankruptcy Court granted Mildred Belmonte's motion for relief from the automatic stay and to proceed with the eviction of Debtors from real property located in Malvern, Pennsylvania. *In re Belmonte*, 240 B.R. 843 (Bankr.E.D.Pa.1999). Debtors filed a Notice of Appeal. For the reasons which follow, the Order of the Bankruptcy Court will be Affirmed in part and Reversed in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 1992, Mildred Belmonte ("Mildred") entered into an installment land contract (the "Contract") to sell a parcel of residential real estate to her son, Kevin Belmonte ("Kevin"). *Id.* at 845. The total sale price was $110,000, payable in monthly installments of $600, with $2,600 due upon execution of the agreement. *Id.* Following execution of the agreement, Kevin took possession of the property, where he and his wife currently reside. *Id.*

In February 1997, Kevin brought suit against Mildred in the Chester County Court of Common Pleas concerning the making of payments pursuant to the Contract. *Kevin Belmonte v. Mildred Belmonte*, C.C.C.P. No. 97–01022. On May 28, 1999, following a bench trial, Judge Paula Francisco Ott of the Chester County Court of Common Pleas issued a "verdict" in favor of Mildred in which she concluded: (1) that Kevin had breached the Contract

in June 1996 by his failure to make installment payments; (2) the Contract was, therefore, "null and void;" and (3) Kevin had no legal, equitable, or possessory right to the property and must immediately vacate the property. *Kevin Belmonte v. Mildred Belmonte,* slip op. and verdict at 2–6, No. 97–01022 (C.C.C.P. May 28, 1999). Kevin filed a *timely motion for post-trial relief* on June 7, 1999.

On June 24, 1999, before Judge Ott could consider the motion for post-trial relief, Debtors filed a Chapter 13 bankruptcy proceeding, which automatically stayed the Chester County action. 11 U.S.C. § 362(a)(3). On August 26, 1999, Mildred filed a motion with the Bankruptcy Court for relief from the automatic stay. *In re Belmonte,* 240 B.R. at 844. A hearing was held on September 22, 1999. Although the Bankruptcy Court erroneously concluded that the May 28, 1999 "verdict" terminating Kevin's right to the property was preclusive on the issue of Kevin's interest in the property, and that he, therefore, did not retain an interest in the property such that he could invoke his rights pursuant to Chapter 13 of the Bankruptcy laws to cure his arrears, it correctly granted relief from the automatic stay. *Id.* at 854. Debtors appealed the Order of the Bankruptcy Court on November 28, 1999.

## II. STANDARD OF REVIEW

■ "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. The Court must accept the bankruptcy court's factual determinations unless clearly erroneous, *see* Fed. R. Bankr.P. 8013, but its review of issues of pure law, or mixed questions of law and fact, is plenary. *See Jones v. Chemetron Corp.,* 212 F.3d 199, 204–05 (3d Cir.2000).

## III. ANALYSIS

### A. *Issue Preclusion*

■ The dispute in this case centers on whether the May 28, 1999 "verdict" is a "final judgment" for purposes of issue preclusion. In the Pennsylvania courts, if post-trial motions are filed, as occurred in this case, judgment is not entered until the court grants or denies the relief requested by the post-trial motion, or, if the court does not enter an order disposing of all post-trial motions within one hundred and twenty (120) days of the filing of the first post-trial motion, a party may praecipe for entry of judgment. Pa.R.Civ.P. 227.4.[1] Because the Debtors' bankruptcy filing stayed consideration of Kevin's post-trial motion, no final judgment on the merits has been entered in the Chester County proceeding.

The Bankruptcy Court, however, found that the May 28, 1999 "verdict" was final for the purpose of issue preclusion pursuant to section 13 of the Restatement (Second) of Judgments. *In re Belmonte,* 240

---

1. The acts of Pennsylvania's courts must be given the same full faith and credit in federal court that they are accorded in Pennsylvania's courts. 28 U.S.C. § 1738. The Pennsylvania courts invoke issue preclusion only where:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a *final judgment on the merits,* (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Dici v. Commonwealth of Pa.,* 91 F.3d 542, 548 (3d Cir.1996) (citing *Safeguard Mut. Ins. Co. v. Williams,* 463 Pa. 567, 345 A.2d 664, 668 (1975)) (emphasis supplied).

B.R. 843 at 850. Section 13 states that: "[t]he rules of res judicata are applicable *only when a final judgment is rendered. . . .* " Restatement (Second) of Judgments § 13 (1982) (emphasis added). Comment g of Section 13 states that the "test of finality is whether the conclusion in question is procedurally definite. . . ." Restatement (Second) of Judgments § 13 (1982) cmt. g. In this case, a post-trial motion remains undecided because of the automatic stay. Therefore, the May 28, 1999 "verdict" is not procedurally definite pursuant to Pa.R.Civ.P. 227.4 and is not final for the purpose of issue preclusion pursuant to section 13 of the Restatement (Second) of Judgments.

The Bankruptcy Court cited *Greenleaf v. Garlock, Inc.,* 174 F.3d 352 (3d Cir.1999) in support of its finding. However, in that case, the state court action was procedurally definite because the *parties had settled* after the jury reached its verdict and the *case had been dismissed:*

> The parties were "fully heard" on the issue of damages and the jury's verdict was "adequately deliberated and firm." The jury's decision would have been appealable following Phase II, had no settlement occurred. *Pursuant to the settlement, the Greenleafs voluntarily surrendered their right to further review,* and the dismissal order entered pursuant to that settlement assured that the assessment of damages was *"procedurally definite* " and not subject to change. *Under these circumstances,* we perceive no justification for permitting the Greenleafs to relitigate the amount of their damages.

*Id.* at 359 (emphasis supplied). The Debtors in this proceeding have *not* voluntarily surrendered their right to further review of the May 28, 1999 "verdict." Moreover, there is no dismissal order which would assure that the May 28, 1999 "verdict" is "procedurally definite" and not subject to change. Accordingly, the Court concludes that the Bankruptcy Court erred in finding that the May 28, 1999 "verdict" was a final judgment and is binding on the issue of whether Kevin retains any right to the Malvern property.

## IV. CONCLUSION

Although the Bankruptcy Court erred in finding that the May 28, 1999 "verdict" was final for purposes of issue preclusion in this bankruptcy proceeding, it correctly granted relief from the automatic stay. There has been no final resolution of the question of whether Kevin has an interest in the Malvern property. Accordingly, the Bankruptcy Court's finding that the state court "verdict" is final for the purpose of issue preclusion in this proceeding will be reversed and its order lifting the automatic stay will be affirmed. An order follows.

### *ORDER*

**AND NOW** this 18th day of January, 2001, upon consideration of the record submitted with the "Certificate of Appeal from Memorandum and Order of Bankruptcy Judge" (docket # 1), Appellant's brief (docket # 3), and Appellee's brief (docket # 4), **IT IS ORDERED,** for the reasons set forth in the accompanying Memorandum Opinion, that

1. The Order of the Bankruptcy Judge dated November 17, 1999 lifting the automatic stay is **AFFIRMED,** and the parties may proceed in state court to seek resolution of their respective rights to the real property located at 321 Old Morehall Road, Malvern, Pennsylvania.

2. The Bankruptcy Court's finding that the "verdict" in *Kevin Belmonte v. Mildred Belmonte,* No. 97–01022 (C.C.C.P. May 28, 1999) is binding in this bankruptcy proceeding and that

Kevin Belmonte has no remaining legal or equitable right to the real property located at 321 Old Morehall Road, Malvern, Pennsylvania is **REVERSED**.