J-A27028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DELLAPOSTA PROPERTIES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PACKAGING CORPORATION OF | : | |
| AMERICA AND OXFORD | : | |
| DEVELOPMENT COMPANY | : | |
| | : | |
| APPEAL OF: PACKAGING | : | |
| CORPORATION OF AMERICA | : | No. 791 WDA 2017 |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Allegheny County Civil Division at No(s):
gd-17-005321

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 30, 2018**

This is an appeal from the grant of a special injunction on May 4, 2017, continued on May 11, 2017,[1] enjoining Defendant-Appellant, Packaging Corporation of America ("PCA"), from erecting barriers on its property.[2]  After careful review, we vacate and remand for further proceedings.

---

[1]  The notice of appeal filed in this matter on June 1, 2017, reflects both orders.

[2]  Defendant Oxford Development Company was in the process of negotiating with PCA to purchase its property and is not involved in this appeal.  Complaint in Equity, 5/4/17, at ¶ 12; Notice of Appeal, 6/1/17.

The certified record is sparse, and we have gleaned the following factual and procedural history from the complaint, preliminary objections, the trial court opinion, and the parties' briefs. PCA owns commercial property that abuts property in the Strip District area of Pittsburgh, Pennsylvania, owned by Plaintiff-Appellee, Dellaposta Properties, LLC ("Dellaposta"). The parties each rely on tractor-trailer trucks that utilize loading docks on their properties. Dellaposta, claiming the right to use a driveway over PCA property, sought a declaratory judgment so holding and a preliminary and permanent injunction enjoining PCA from interfering with Dellaposta's use of the alleged easement.

Dellaposta filed a complaint on May 4, 2017, along with an Emergency Motion for Special and/or Preliminary Injunctive Relief. The parties appeared before Judge Judith Friedman that day. Judge Friedman did not hold a hearing or take any testimony. Despite the lack of hearing and receipt of evidence, and hence, a transcript we can review, Judge Friedman granted Dellaposta's motion as a special injunction under the condition the parties attempted to resolve the issues relating to Dellaposta's use of the easement. The order entered on May 4, 2017, states as follows:

**ORDER OF COURT GRANTING SPECIAL ~~PRELIMINARY~~ INJUNCTION**

> And now this 4th day of May, 2017, upon consideration of Plaintiff, Dellaposta Properties, LLC's Motion for Special and/or Preliminary Injunction, it is hereby ORDERED that Defendant is enjoined from erecting any barriers on its property which would encroach and or block the easement depicted on Exhibit B of Plaintiff's Motion.

- 2 -

>     Bond is set at $1.00 per Pa.R.C.P. 1531(b); the amount of bond may be increased at a later date upon motion.
>
>     A hearing will be held in Motions Court on May 11, 2017 at 1:45 pm to decide whether or not this Special Injunction shall continue.

Order, 5/4/17.

PCA asserts in its brief that it advised Dellaposta on May 9, 2017, *via* email, that it would not block the purported easement with any barriers and thus, there was no need for the May 11, 2017 hearing to continue the injunction. PCA's Brief at 9. PCA allegedly did not agree, per email, to Dellaposta's suggestion to enter into a consent order providing that Judge Friedman's May 4, 2017 order remain in effect pending further order of court. PCA suggests that Dellaposta desired the consent order because counsel surmised that the special injunction would dissolve as of May 11, 2017, if the meeting with Judge Friedman did not take place. PCA's Brief at 7–9, 18.[3]

---

[3] The emails are not contained in the certified record, they are challenged by Dellaposta, and thus, we may not rely on them on appeal. **Commonwealth v. Barnett**, 121 A.3d 534, 546 (Pa. Super. 2015) ("While this Court generally may only consider facts that have been duly certified in the record, **Commonwealth v. Young**, 317 A.2d 258, 264 (Pa. 1974), **where the accuracy of a document is undisputed** and contained in the reproduced record, we may consider it. **Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012)."); **Nicolaou v. Martin**, 153 A.3d 383, 393 n.6 (Pa. Super. 2016) (same), *appeal granted*, 170 A.3d 990 (Pa. 2017). Here, Dellaposta disputes the content of the emails. Dellaposta's Brief at 4.

Meanwhile, on May 5, 2017, PCA filed a motion to assign the matter to the Commerce and Complex Litigation Center of Allegheny County Court of Common Pleas ("Center"). Order, 5/5/17; PCA's Brief at 9–10. On May 9, 2017, Judge Christine Ward of the Center scheduled an initial status conference for May 22, 2017.[4]

On May 11, 2017, at the scheduled hearing on the motion for the injunction before Judge Friedman, PCA alleges it intended to inform the court that it agreed to not erect barriers on the property. To its "surprise," Dellaposta appeared with witnesses with the intention to present evidence in support of its request for preliminary injunctive relief. PCA's Brief at 10. According to PCA, Dellaposta presented a hand-written order to continue the May 4, 2017 order granting the Special Injunction indefinitely. PCA maintains it then elected to go forward with the hearing but avers that Judge Friedman refused and advised PCA to take an appeal. *Id*. at 11. Judge Friedman then entered an order, which states: "AND NOW, to wit, this 11 day of May, 2017, the court's May 4, 2017 order of court shall remain in effect pending further order of court." Order, 5/11/17.

On May 24, 2017, PCA filed preliminary objections to the complaint. PCA filed its notice of appeal on June 1, 2017, alleging Pa.R.A.P. 311(4) as the basis for its jurisdiction of its appeal of the May 4, 2017, and May 11,

---

[4] The record does not reveal whether the May 22, 2017 status conference occurred.

2017 orders. It is well-settled that an order concerning a preliminary injunction is appealable as of right pursuant to Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right from order granting injunctive relief); *City of Philadelphia v. Frempong*, 865 A.2d 314 (Pa. Cmwlth. 2005) (citing *Kennedy & Carter Constr. Co., Inc. v. Barkley*, 468 A.2d 513 (Pa. Super. 1983)). Although PCA complied with the trial court's directive to file a concise statement of errors complained of on appeal, the trial court did not address the merits of the issues raised in the Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Instead, the trial court opined that because PCA filed the motion seeking assignment of the case to the Center, it "no longer had the power to hold the scheduled hearing on May 11," and ["t]he matter was then in the hands of Judge Ward." Trial Court Opinion, 6/30/17, at 2.

PCA raises the following issues on appeal:

I. Did the special injunction issued on May 4, 2017 dissolve as a matter of law after the Trial Court failed to hold a hearing or inquire into the merits of Plaintiff/Appellee, Dellaposta Properties, LLC's ("Dellaposta") request for injunctive relief?

II. Did the Trial Court err in issuing a special injunction on May 4, 2017, where Dellaposta, the party seeking the special injunction, failed to establish a need for the issuance of an injunction without a hearing in order to protect Dellaposta from immediate and irreparable harm?

III. Did the Trial Court err in continuing the special injunction and/or converting the special injunction into a preliminary injunction on May 11, 2017 without holding a hearing to establish, of record, that Dellaposta met the six "essential prerequisites" of a preliminary injunction?

- 5 -

IV. Did the Trial Court err in violating Defendant/Appellant, Packaging Corporation of America's ("PCA") right to due process under the United States and Pennsylvania Constitutions when it issued a special injunction impacting PCA's property rights without establishing that Dellaposta would suffer immediate and irreparable harm and/or when it continued the special injunction and/or converted it into a preliminary injunction without holding a hearing, inquiring into the merits of Dellaposta's right to injunctive relief, or allowing PCA the opportunity to contest Dellaposta's request for injunctive relief?

V. Did the Trial Court err when it set a nominal $1.00 bond in connection with the special injunction, where PCA's reasonably foreseeable damages were far in excess of this amount if it was later determined that the special injunction was improperly granted, and where the Trial Court made no inquiry into the amount of PCA's reasonably foreseeable damages?

PCA's Brief at 4–5.

This case involves procedural irregularities that convince us the matter must be reversed. As noted above, the trial court, referencing Pa.R.C.P. 1531, entered a "special" injunction on May 4, 2017, and continued it indefinitely on May 11, 2017, "pending further order of court." Rule 1531 provides:

Rule 1531. Special Relief. Injunctions

(a) A court shall issue a preliminary or special injunction **only after** written notice and **hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before** notice can be given or **a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.** In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider

- 6 -

affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a) (emphases added).

In ***Turner Const. v. Plumbers Local 690***, 130 A.3d 47 (Pa. Super. 2015), this Court stated the following:

> While Pa.R.C.P. 1531 expressly recognizes special injunctions, the rule does not define the term or differentiate it from a preliminary injunction. Our Supreme Court has described a special injunction as one that "grants relief which is auxiliary to the main relief requested in the complaint." ***Matter of Franklin Twp. Bd. of Sup'rs***, 475 Pa. 65, 379 A.2d 874, 879 (1977). ***See also*** 15 Standard Pennsylvania Practice 2d § 83:11 (footnoted omitted) ("A special injunction, like a preliminary injunction, is commonly sought to preserve the *status quo* **until the final hearing**. A special injunction may be asked for during the pendency of an equity action, and it may be granted at any stage of the proceedings, whenever it is necessary to preserve the status quo.").

***Id***. at 53 n.6 (emphasis added). We recently stated that "[b]ecause of the many similarities between preliminary and special injunctions, the two types tend to merge into one and the words are used interchangeably." ***Hendricks v. Hendricks***, ___ A.3d ___, ___, 2017 PA Super 370, *8 n.9 (Pa. Super. filed November 20, 2017). Moreover, "the Pennsylvania Rules of Civil Procedure treat them exactly alike." ***Id***. (citing 5 Goodrich Amram 2d § 1531(a):1 (Amram Commentary)).

In reviewing a preliminary or special injunction, "an appellate court is to conduct a searching inquiry of the record. Accordingly, the scope of review in preliminary [or special] injunction matters in plenary." ***Hendricks***, ___ A.3d at ___, 2017 PA Super 370 at *9 (quoting ***Warehime***

*v. Warehime*, 860 A.2d 41, 46 n.7 (Pa. 2004)). Moreover, "Appellate courts review a trial court order refusing or granting a preliminary injunction for an abuse of discretion." *Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003) (citing *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1286–1287 (Pa. 1992)). This standard of review requires that:

> [w]hen reviewing a trial court's grant or refusal of a preliminary injunction, an appellate court does not inquire into the merits of the controversy, but rather examines only the record to ascertain whether any apparently reasonable grounds existed for the action of the court below. We may reverse if the trial court's ruling amounted to an abuse of discretion or a misapplication of law.

*Hendricks*, ___ A.3d at ___, 2017 PA Super 370 at *9 (citing *Morgan Trailer Mft. Co. v. Hydraroll, Ltd.*, 759 A.2d 926, 932 (Pa. Super. 2000) (quotation omitted)).

Pennsylvania Rule of Civil Procedure 1531(a), which sets forth the procedure governing preliminary and "special injunctions," requires notice and a hearing prior to granting or denying a special injunction. Pa.R.C.P. 1531(a); *WPNT, Inc. v. Secret Communication Inc.*, 661 A.2d 409, 410–11 (Pa. Super. 1995). Our Supreme Court has held that "it is . . . fundamental that all of the parties are entitled to a hearing before [a preliminary] injunction should issue." *Id*. at 411 (quoting *Pubusky v. D.M.F. Inc.*, 239 A.2d 335 (Pa. 1968)). A special injunction may be granted in the absence of a hearing, but only upon a demonstration by the moving

party that "immediate and irreparable injury will be sustained before notice can be given or a hearing held." Pa.R.C.P. 1531(a); ***Commonwealth ex rel. Costa v. Boley***, 272 A.2d 905, 909 (Pa. 1971); ***accord Home Line Furniture Indus., Inc. v. Banner Retail Mktg., LLC***, 631 F.Supp.2d 628, 633 (E.D. Pa. 2009).

In the instant case, there was **no** hearing held, preliminary or otherwise. The certified record contains no findings by the trial court. The May 11, 2017 hearing[5] that was scheduled for the purpose of evaluating whether the May 4, 2017 special injunction should continue never occurred. Further, the trial court's explanation that the motion to remove the case to the Center precluded the trial court from proceeding lacks support in the certified record. There existed merely a future date for a status conference to determine the propriety of the motion. Moreover, despite holding that the motion to Judge Ward "removed the case from Motions Court and [the trial court] no longer had the power to hold the scheduled hearing on May 11," Trial Court Opinion, 6/30/17, at 2, the trial court, in direct opposition, asserted its "power" to enter an order stating that the May 4, 2017 order

---

[5] Although the Pennsylvania Rules of Civil Procedure require that an injunction "shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction," they further provide that "the parties may agree" to a different time. Pa.R.C.P. 1531(d). PCA avers in its brief that the parties agreed to schedule the hearing for May 11, 2017, seven days following the issuance of the May 4, 2017 injunction. PCA's Brief at 8 n.2.

"shall remain in effect pending further order of court."  Order, 5/11/17.  If the trial court did not have the power to hold the scheduled hearing, it did not have the power to enter an order.

PCA asserts that the special injunction issued on May 4, 2017, dissolved as a matter of law after the trial court failed to hold a hearing.  PCA's Brief at 19.  PCA avers that Judge Friedman never took the position on May 11, 2017, that she was deprived of jurisdiction by the assignment of the case to Judge Ward; rather, she asserted that reason for the first time in the Pa.R.A.P. 1925(a) opinion.  PCA's Brief at 17.

Issuance of a preliminary or special injunction without a hearing is invalid.  **Ranck v. Bonal Enter, Inc.**, 359 A.2d 748, 750 (Pa. 1976).  Even if the trial court properly granted the injunction without holding a hearing, Pa.R.C.P. 1531(d) requires that a hearing must occur within five days of the issuance of a preliminary or special injunction.  In the absence of such hearing, the "special injunction is void on its face and dissolves by operation of law."  **Commonwealth ex rel. Costa**, 272 A.2d at 908; **E. Stroudsburg University v. Hubbard**, 591 A.2d 1181, 1186 n.6 (Pa. Cmwlth. 1991)).  The hearing requirement under Rule 1531(d) is uncompromising.  **Ogontz Controls Co. v Pirkle**, 477 A.2d 876 (Pa. Super. 1984).

We conclude that the trial court was compelled to hold a hearing to determine whether the requirements for an injunction were met, and it never did so.  Pa.R.C.P. 1531.  The trial court's representation in its opinion

- 10 -

that the May 11, 2017 hearing was not held due to PCA's motion to assign the matter to the Center is not supported by the record. The motion was merely that, a motion with no definitive disposition. This trial court had granted a special injunction without holding a hearing, and it was obligated to hold a hearing within five days or the special injunction would dissolve. *Id*. The court's action in granting the injunction indefinitely, without ever holding a hearing, was improper.

Hence, in light of the procedural irregularities present herein and the lack of any findings in the sparse and incomplete record, we find an abuse of discretion by the trial court. There exist no "apparently reasonable grounds" for granting and continuing the special injunction without holding a hearing that are supported in the record. *Summit Towne Ctr.*, 828 A.2d at 1000. We vacate the May 4, 2017, and May 11, 2017 orders granting injunctive relief and remand to the trial court to hold a hearing on Dellaposta's request for a preliminary or special injunction if the case is properly before it.

Orders vacated. Case remanded for further proceeding consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/30/2018

- 11 -